IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:25-cv-220

| | |
|---|---|
| INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC, and JJAM STAND, LLC | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| MATTHEW OUTLAW, | ) ) ) |
| Defendant. | ) ) ) |

## MOTION FOR LEAVE TO AMEND COMPLAINT AND MODIFY DEADLINE FOR AMENDMENT OF PLEADINGS IN CASE MANAGEMENT ORDER

Plaintiffs INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC and JJAM STAND, LLC hereby move the Court, pursuant to Rules 15(a) and 16(b) of the Federal Rules of Procedure, for leave to amend their Complaint based upon newly discovered evidence directly implicating Defendant MATTHEW OUTLAW's ("Outlaw" or "Defendant") employer, LFG SERVICE PARTNERS, INC. ("LFG") in the claims and misconduct alleged in this lawsuit. In conjunction therewith, Plaintiffs also move the Court to extend the July 25, 2025 deadline for filing motions to amend pleadings to allow for the Plaintiffs' proposed amendment to its Complaint. The grounds for this Motion are as follows:

Plaintiffs filed this lawsuit against Outlaw on March 11, 2025. (Doc. 1).

Outlaw filed his Answer on June 3, 2025. (Doc. 6).

Since the inception of this lawsuit, Plaintiffs and Outlaw have attempted to negotiate the terms of a Consent Injunction Order for the Court's consideration which would resolve many of

the issues while the case proceeds. The parties have made substantial progress and continue to work through and negotiate the details of that proposed Consent Injunction Order at the time of this filing.

At the same time, Plaintiffs have been diligently attempting to discover more information regarding Outlaw's work for LFG, including the degree to which Outlaw's work is violating the restrictive covenants in his 2020 Confidentiality and Noncompete Agreement (Complaint Exhibit E) and the Plaintiffs' 2024 Operating Agreement (Complaint Exhibit F). To that end, Plaintiffs have issued subpoenas *duces tecum*.

Plaintiffs issued a subpoena *duces tecum* to LFG on April 30, 2025 and it was served on LFG on or before May 14, 2025. On May 14, 2025, LFG's counsel contacted Plaintiffs' counsel to request additional time, through and including the end of June 2025, to serve responsive documents due to various travel and scheduling conflicts. Thereafter, additional conflicts arose and LFG requested an extension of time to make its first production, and Plaintiffs' counsel consented to the same. LFG's first production was served on Plaintiffs' counsel on July 18, 2025. On August 1, 2025, LFG counsel notified Plaintiffs' counsel that LFG had discovered additional documents responsive to the subpoena. That supplemental production was served on August 13, 2025. LFG designated both sets of responsive documents "Confidential" pursuant to this Court's Standing Protective Order. For this reason, the information contained in LFG's production is described in this Motion and in the proposed First Amended Complaint in general terms.

Upon completing their review of LFG's subpoena production on or about August 15, 2025, it became evident that LFG was aware of Outlaw's restrictive covenants, and it was directly complicit in Outlaw's subsequent violation of those restrictive covenants, targeting Plaintiffs' most important customers for solicitation, and engaging in efforts to divert business from those

customers through proxies to avoid detection by Plaintiffs. Plaintiffs were not aware of this evidence prior to LFG's subpoena production. Much of the most critical information in LFG's production would not have been discoverable except through issuance of the subpoena to LFG as Outlaw would most likely not have had access to these items.

Based upon information contained in the LFG Subpoena production, on August 15, 2025, Plaintiffs issued a subpoena to its former Director of Environmental and Industrial Cleaning Services Nick Osterhoudt to determine the degree to which he was involved in helping and/or facilitating Outlaw's performance of services in competition with Plaintiffs in violation of his restrictive covenants. This subpoena directs Mr. Osterhoudt to produce responsive documents by September 4, 2025.

Pursuant to the Court's Case Management Order, the deadline for amending pleadings was July 25, 2025. Unfortunately, Plaintiffs did not have sufficient information on or before that date to determine whether they had grounds for seeking to amend their Complaint. However, based upon newly discovered evidence in LFG's subpoena production, Plaintiffs now strongly believe that they have a good faith basis for amending their Complaint to add LFG as a party defendant in this lawsuit, for the reasons set forth above, and Plaintiffs respectfully move the Court for leave to file a First Amended Complaint, a redlined draft of which is attached hereto and incorporated by reference as **<u>Exhibit A</u>**. Additionally, Plaintiffs move the Court to modify the Case Management Order to extend the date for filing motions to amend pleadings to enable the Plaintiffs to file this motion and to amend their Complaint.

Plaintiffs' requested amendment will not prejudice Outlaw. As reflected in the proposed First Amended Complaint, LFG will simply be added as a co-Defendant to several of the claims that have already been asserted in the original Complaint. In addition, three new claims will be

asserted solely against LFG, such that most of the discovery on these claims will be directed to LFG. These proposed amendments will not materially change the character or scope of the lawsuit and they will not significantly alter discovery in this case.

Plaintiffs' counsel notified Outlaw's counsel about this forthcoming Motion on August 20, 2025 and requested Outlaw's consent. Outlaw's counsel notified the undersigned on August 21, 2025 that Outlaw does not consent.

WHEREFORE, for the reasons set forth herein, the Plaintiffs respectfully move the Court to modify the Case Management Order to permit Plaintiffs to move for leave to amend their Complaint after the current July 25, 2025 deadline, and that the Court grant Plaintiffs leave to file their proposed First Amended Complaint.

This the 22nd day of August, 2025.

> /s/ G. Bryan Adams III
> G. Bryan Adams, III
> N.C. Bar No. 17307
> VAN HOY, REUTLINGER, ADAMS, PIERCE & TISDALE, PLLC
> 737 East Boulevard
> Charlotte, North Carolina 28203
> Telephone: (704) 375-6022
> Fax: (704) 375-6024
> Email: bryan.adams@vraptlaw.com
>
> **ATTORNEYS FOR PLAINTIFF INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this MOTION FOR LEAVE TO AMEND COMPLAINT AND TO MODIFY DEADLINE FOR AMENDMENT OF PLEADINGS IN THE CASE MANAGEMENT ORDER was served on the Defendant's counsel of record through the Court's ECF electronic filing system addressed as follows:

>Liz Vennum
>Hull & Chandler, P.A.
>1009 East Boulevard
>Charlotte, NC 28203
>lvennum@lawyercarolina.com

and a courtesy copy of this Motion has been sent to LFG counsel as follows:

>Jim Drozdowski
>Shawn McGraw
>Kaufman, Drozdowski & Grendell, LLC
>29525 Chagrin Boulevard
>Pepper Pike, OH  44122
>jimd@kdglegal.com
>smcgraw@kdglegal.com

This the 22nd day of August, 2025.

>*s/ G. Bryan Adams, III*
>G. Bryan Adams, III
>N.C. Bar No. 17307
>VAN HOY, REUTLINGER, ADAMS, PIERCE
>& TISDALE, PLLC
>737 East Boulevard
>Charlotte, North Carolina 28203
>Telephone:  704-375-6022
>Fax:  704-375-6024
>Email:  bryan.adams@vraptlaw.com
>
>**ATTORNEYS FOR PLAINTIFF INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC**