IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:25-cv-220

| | |
|---|---|
| INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC, and JJAM STAND, LLC | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>)<br>) |
| MATTHEW OUTLAW, | )<br>) |
| Defendant. | )<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR LEAVE TO AMEND COMPLAINT AND TO MODIFY DEADLINE FOR
AMENDMENT OF PLEADINGS IN CASE MANAGEMENT ORDER**

Plaintiffs INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC and JJAM STAND, LLC hereby submit this Memorandum of Law, pursuant to Rules 15(a) and 16(b) of the Federal Rules of Procedure, in support of their Motion for Leave to Amend Complaint and to Modify Deadline for Amendment of Pleadings in Case Management Order ("Motion to Amend") filed contemporaneously herewith based upon newly discovered evidence directly implicating Defendant MATTHEW OUTLAW's ("Outlaw" or "Defendant") employer, LFG SERVICE PARTNERS, INC. ("LFG"), in the claims and misconduct alleged in this lawsuit.

I.     **INTRODUCTION AND PROCEDURAL HISTORY**

The pertinent procedural history is set forth in the Plaintiffs' Motion for Leave to Amend Complaint, so it will not be repeated at length herein.

Plaintiffs have brought their Motion for Leave to Amend Complaint after the current July 25, 2025 deadline for amending pleadings because it first learned it had a good faith basis for

seeking to add LFG as a defendant on or about August 15, 2025, upon completion of their review of LFG's second production of documents in response to Plaintiffs' subpoena *duces tecum* on August 13, 2025. Plaintiffs have good cause for this motion because they were not previously aware of the evidence that demonstrated they have viable claims against LFG. Further, Outlaw will not be prejudiced by this amendment.

## II. ARGUMENT

### A. Applicable Standards

Federal Rule of Civil Procedure 16(b) applies to motions to amend, as in this case, that are brought after the scheduling order deadline for amendment of pleadings. Fed. R. Civ. P. 16(b)(4); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). To be granted, there must be a showing of good cause by the moving party. *Id.* The primary consideration is the diligence of the moving party. *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 632 (D. Md. 2003). Upon a showing of good cause, the proposed amendment will be analyzed under the more liberal standard of Rule 15(a). *Id.*

Federal Rule of Civil Procedure 15(a)(2) sets the standard for amending a Complaint with leave of court. Fed. R. Civ. P. 15(a)(2). The Supreme Court has held that leave should be freely given by a court considering a motion to amend "[i]n the absence of any apparent or declared reasons – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 409 (4th Cir. 2013); *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001).

### B. Plaintiffs Have Good Cause to Amend their Complaint

Plaintiffs have good cause because they have acted as quickly and diligently as possible after completing their review of LFG's subpoena production to bring this motion. LFG's second document production occurred on August 13. Plaintiffs' counsel completed his review of the same on August 15. Upon completing the review of the LFG documents, Plaintiffs counsel immediately began drafting the proposed First Amended Complaint and sent the same to his clients for their review and approval. On August 18 and 19, 2025, Plaintiffs' counsel had to make an emergency trip to the eastern North Carolina coast to do some storm preparations for the incoming Hurricane Erin, and was therefore out of the office and unable to take any action on this prospective motion on those dates. On August 20, Plaintiffs' counsel contacted counsel for Outlaw and LFG and notified them about this prospective motion and provided a copy of the redlined proposed First Amended Complaint. *See* Motion to Amend, Exh. A.

There is also good cause for this motion because it is based upon newly discovered evidence that was not available to the Plaintiffs prior to the second LFG production on August 13, 2025. The First Amended Complaint does not merely rehash facts from the original Complaint, but adds new material facts that have only now been revealed through LFG's production. *See* Motion to Amend (Doc. 8), Exhibit A (proposed First Amended Complaint), at ¶¶ 53-55, 76, 94, 139-157. Plaintiffs have asserted three (3) new claims against LFG based upon that evidence. *Id.*

For these reasons, Plaintiffs have good cause for seeking leave for their amendment.

### C. Plaintiffs Should Be Allowed to Amend under Rule 15

For the reasons discussed above, the Plaintiffs' motion is not brought after undue delay, in bad faith or pursuant to a dilatory motive. To the contrary, Plaintiffs have acted as expediently as

possible to avoid unnecessary delay in bringing its motion. Further, the motion is brought in good faith due to the newly discovered evidence in LFG's subpoena production.

In addition, the proposed amendment is not futile because Plaintiffs seek to assert legitimate, meritorious claims against LFG for its evident involvement in Outlaw's violation of his restrictive covenants. Leave to amend should be denied on the ground of "futility" when the proposed amendment is "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir.1986). The new allegations of the First Amended Complaint, if proven, are sufficient to state claims against LFG for tortious interference with contract, tortious interference with customer relations and prospective customer relations and economic advantage; and civil conspiracy. *See* Motion to Amend, Exh. A, ¶¶139-157; *Cf. Katyle v. Penn. Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)(if the proposed amended complaint fails to state a claim, then amendment would be futile, and the motion should be denied). Accordingly, the proposed amendment is not futile.

That leaves only the issue of whether the amendment would cause Outlaw undue prejudice if it were allowed. *Foman*, 371 U.S. at 182. The amendment does not subject Outlaw to any unfair surprise or hardship because Outlaw was served the LFG documents as well, so the Plaintiffs' proposed amendment should have been fully expected. Outlaw should certainly be aware of the underlying facts that give rise to the Plaintiffs' amendment because they relate to his and LFG's efforts to compete against Plaintiffs while ignoring his restrictive covenants. The claims against LFG, while based on evidence that was previously unknown to Plaintiffs, arises out of the same series of transactions and occurrences upon which the original Complaint is based, so it is not as if the proposed amendment substantially changes the nature of this lawsuit. As such, there are common questions of law and fact between the claims against Outlaw and those against LFG which

4

make adding LFG as a defendant an efficient and less burdensome method of bring the claims against LFG instead of filing a separate lawsuit and will allow a complete resolution of the issues amongst the parties.

For these reasons, Plaintiffs satisfy the Rule 15 standard for amendment of pleadings.

### III. CONCLUSION

For the reasons set forth herein, the Plaintiffs respectfully move the Court to modify the Case Management Order to permit Plaintiffs to move for leave to amend their Complaint after the current July 25, 2025 deadline, and that the Court grant Plaintiffs leave to file their proposed First Amended Complaint.

This the 22nd day of August, 2025.

*/s/ G. Bryan Adams III*
G. Bryan Adams, III
N.C. Bar No. 17307
VAN HOY, REUTLINGER, ADAMS, PIERCE & TISDALE, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 375-6022
Fax: (704) 375-6024
Email: bryan.adams@vraptlaw.com

**ATTORNEYS FOR PLAINTIFF INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC**

## ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to this Court's June 18, 2024 Order, the undersigned certifies no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources. The undersigned further certifies every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction.

## WORD COUNT CERTIFICATION

The undersigned certifies that this Memorandum of Law does not exceed the Court's 3,000 word limitation for briefs of this category.

This the 22nd day of August, 2025.

>*s/ G. Bryan Adams, III*
>G. Bryan Adams, III (N.C. Bar No. 17307)
>VAN HOY, REUTLINGER, ADAMS, PIERCE
>& TISDALE, PLLC
>737 East Boulevard
>Charlotte, North Carolina 28203
>Telephone: 704-375-6022
>Fax: 704-375-6024
>Email: bryan.adams@vraptlaw.com
>
>**ATTORNEYS FOR PLAINTIFF INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that this MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT AND TO MODIFY DEADLINE FOR AMENDMENT OF PLEADINGS IN THE CASE MANAGEMENT ORDER was served on the Defendant's counsel of record through the Court's ECF electronic filing system addressed as follows:

> Liz Vennum
> Hull & Chandler, P.A.
> 1009 East Boulevard
> Charlotte, NC 28203
> lvennum@lawyercarolina.com

and a courtesy copy of this Memorandum has been sent to LFG counsel as follows:

> Jim Drozdowski
> Shawn McGraw
> Kaufman, Drozdowski & Grendell, LLC
> 29525 Chagrin Boulevard
> Pepper Pike, OH 44122
> jimd@kdglegal.com
> smcgraw@kdglegal.com

This the 22nd day of August, 2025.

> *s/ G. Bryan Adams, III*
> G. Bryan Adams, III
> N.C. Bar No. 17307
> VAN HOY, REUTLINGER, ADAMS, PIERCE
> & TISDALE, PLLC
> 737 East Boulevard
> Charlotte, North Carolina 28203
> Telephone: 704-375-6022
> Fax: 704-375-6024
> Email: bryan.adams@vraptlaw.com
>
> **ATTORNEYS FOR PLAINTIFF INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC**