IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO.: 3:25-CV-220

| | |
|---|---|
| **INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC and JJAM STAND, LLC.,** | )<br>)<br>) |
| *Plaintiffs,* | )<br>) **Defendant's Memorandum of Law in**<br>) **Opposition to Plaintiff's Motion to Amend** |
| -vs- | )<br>)<br>) |
| **MATTHEW OUTLAW,** | ) |
| *Defendant.* | |

## Introduction

The Plaintiffs in this case, Integrity Environmental Solutions, LLC and JJAM Stand, LLC ("Plaintiffs"), have filed a pleading captioned "Motion for Leave to Amend Complaint and Modify Deadline for Amendment of Pleadings in Case Management Order" that is now pending before this Court. Because Plaintiffs fail to meet the applicable showing to Amend their Complaint now that the Court's deadline for doing so has passed, their Motion should be denied in its entirety. The support for this Opposition is set forth as follows.

## Relevant Facts and Legal Analysis

Plaintiffs premise their request to file an Amended Complaint on the claim that they only recently became aware of "newly discovered evidence" from the production of documents by means of a subpoena toLFG Service Partners, Inc. ("LFG") related to Mr. Outlaw's current employment. Plaintiffs specifically state that this evidence "was not available to the Plaintiffs prior to the second LFG production on August 13, 2025". (Pls. Memorandum of Law at 3).

1

There is no new evidence to support a belated Motion to Amend in either the first or second production of documents by LFG because Plaintiffs knew LFG was aware of Outlaw's restrictive covenants months ago and because Plaintiffs fail to identify which newly-produced documents contain the evidence they allege.

In their Motion, Plaintiffs claim, among other things, that the LFG documents make it clear that "LFG was aware of Outlaw's restrictive covenants . . ." (Pls. Motion for Leave to Amend at 2). But that fact was well known to Plaintiffs even before this litigation was filed as they themselves sent LFG correspondence describing and attaching those covenants back in December of 2024. (**Exhibit A**, Letter from Plaintiffs President and Manager of December 2024 to Mr. Outlaw and copied to LFG attaching restrictive covenants).

Additionally, Plaintiffs claim the documents show LFG was "directly complicit in Outlaw's subsequent violation of those restrictive covenants, targeting Plaintiffs' most important customers for solicitation, and engaging in efforts to divert business from those customers through proxies to avoid detection." (*Id*. at 2-3). Plaintiffs fail, however, to identify by Bates Number the documents to which they are referring. Accordingly, they have failed to meet their burden under Fed. R. 16(b) to show good cause for amendment of their Complaint after the Court's deadline for doing so. *See Sansotta v. Town of Nags Head*, 2011 U.S. Dist. LEXIS 86935 *4-6 (E.D.N.C.) (confirming that a party seeking to amend its complaint after the Court's deadline bears the burden to demonstrate good cause and that considerations under Fed. R. Civ. P. 15 are irrelevant until that burden is met). It is Mr. Outlaw's position that none of the documents produced by LFG support what as of now are Plaintiffs' unsupported allegations that either he or LFG violated any restrictive covenants.

Mr. Outlaw respectfully requests that the Court either: (i) deny the Plaintiffs' untimely Motion to Amend on grounds that Plaintiffs' unsupported allegations fail to meet the requirements

of Rule 16(b); or in the alternative, (b) require Plaintiffs to identify by Bates number specifically the documents on which they are relying for their allegations before further considering Plaintiffs' Motion to Amend.  With respect to alternative (b), the documents at issue are appropriately marked confidential by LFG, but Mr. Outlaw should have the opportunity to respond to Plaintiffs' Motion with the benefit of knowing exactly which documents Plaintiffs believe support the allegations in their Motion, Memorandum and proposed Amended Complaint.   With that opportunity, Mr. Outlaw believes it will be clear that Plaintiffs' have failed to meet their burden, that no good cause exists to permit Plaintiffs to Amend their Complaint as requested, and judicial resources, and those of the litigants, will be conserved by avoiding joinder of an unnecessary party in this litigation.

Respectfully submitted,

This the 5th day of September, 2025,

**HULL & CHANDLER**

/s/ Elizabeth Vennum
Elizabeth Vennum
NC State Bar No. 49747
Hull & Chandler
1009 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 375-8488
Fax: (704) 375-8487
E-mail: lvennum@lawyercarolina.com
*Counsel for Defendant Matthew Outlaw*

3

## Certificate of Service

The undersigned certifies that on this day, the foregoing was filed with the Court's electronic filing system, which will serve a copy on counsel for all other Parties as follows:

>G. Bryan Adams, III
>Van Hoy, Reutlinger, Adams, Pierce, & Tisdale, PLLC
>737 East Boulevard
>Charlotte, North Carolina 28203
>bryan.adams@vraptlaw.com
>*Counsel for Plaintiffs*

This, the 5th day of September, 2025

>/s/ Elizabeth Vennum
>Elizabeth Vennum