IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:25-cv-220

| | |
|---|---|
| INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC, and JJAM STAND, LLC | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| MATTHEW OUTLAW, | )<br>) |
| Defendant. | )<br>) |

**<u>PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT AND TO MODIFY DEADLINE FOR AMENDMENT OF PLEADINGS IN CASE MANAGEMENT ORDER</u>**

Plaintiffs INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC and JJAM STAND, LLC hereby submit this Reply Memorandum of Law ("Reply"), pursuant to Rules 15(a) and 16(b) of the Federal Rules of Procedure, in support of their Motion for Leave to Amend Complaint and to Modify Deadline for Amendment of Pleadings in Case Management Order ("Motion to Amend")("Doc. 8).

Defendant Matt Outlaw ("Outlaw") filed his "Memorandum of Law in Opposition" (Doc. 10)("Response") on September 5, 2025. Outlaw's principal argument is that Integrity did not receive any new evidence in the documents produced by LFG Service Partners. Inc.("LFG") in response to Plaintiffs' subpoena that it did not have before filing this lawsuit, and therefore it should not be permitted to amend its Complaint after the pleadings amendment deadline in the Case Management Order. In support of this argument, Outlaw attaches the Plaintiffs' December 20, 2024 cease and desist letter to Outlaw copying LFG. *See* Response, Exh. A. Outlaw further

argues that Plaintiffs should be required to identify the specific documents LFG produced upon which Plaintiffs base their motion. Outlaw's core argument is misplaced.

The December 20, 2024 cease and desist letter centers on one issue – Outlaw's violation of the restrictive covenants in his 2020 Confidentiality and Noncompete Agreement (Complaint Exhibit E) and the Plaintiffs' 2024 Operating Agreement (Complaint Exhibit F) by accepting a seemingly identical position with LFG, a direct competitor, and soliciting Plaintiffs' employees. *See* Response, Exh. A, at pp. 1-2. However, at that time and subsequently when the Plaintiffs brought this lawsuit, Plaintiffs did not know that: Outlaw sent a customer lead to LFG before even receiving an offer of employment and offered to run the job for LFG, Outlaw provided LFG with pricing information regarding specialized equipment Plaintiffs used in to provide industrial cleaning services to their customers, LFG agreed to pay a portion of Outlaw's legal fees arising from his violation of his restrictive covenants, and Outlaw connected LFG with a former Integrity Industrial Cleaning Director to perform work on the job site of one of Plaintiffs' Major Clients[1] as LFG's proxy to avoid detection by Integrity. The foregoing information comes directly from LFG's subpoena production.

LFG designated its entire subpoena production as "Confidential." Plaintiffs' counsel proposed attaching redacted versions of those documents to this Reply, but LFG counsel was not agreeable to that approach, given their confidential designation of those documents. Accordingly, Plaintiffs have attached only a "placeholder" for its proposed Exhibit 1 to this Reply, consisting of excerpts of the LFG subpoena production upon which their motion is based, and have filed a separate Motion to Seal attaching unredacted versions of those LFG documents.

---

[1] *See* Complaint, ¶ 11 (describing "Major Clients").

as evidenced by the documents attached hereto and incorporated by reference as **Exhibit 1** ("LFG Subpoena Production Excerpts") with the following Bates numbers: LFGPROD 162 (customer lead); 168 (equipment pricing); 144-146 (signed offer letter); 135-135 (legal fees); 113 (revised employment terms incorporating legal fees arrangement); 208-209 (using former Integrity employee as LFG's proxy on Major Client job site).

Plaintiffs did not have *any* of this information until LFG produced the two sets of documents in response to Plaintiffs' subpoena. Indeed, had Plaintiffs possessed this information, it would have been specifically referenced in the cease and desist letter or Complaint. As stated above, until receipt of these documents, Plaintiffs knew only that Outlaw was working for a competitor, he had solicited some employees and potentially clients, and that he had accessed and transferred highly confidential information belonging to Plaintiffs. The LFG documents reveal LFG's direct involvement in far more than just hiring Outlaw. LFG received a customer lead and Outlaw's offer of help before Outlaw received an offer letter from LFG. Shortly after he received his September 27, 2024 offer letter, Outlaw proceeded to misappropriate Plaintiffs' highly sensitive Confidential Information. LFG knew that Outlaw's actions on their behalf exposed Outlaw and LFG to potential legal repercussions if they retained him employment. Then, immediately before Outlaw was served with this lawsuit, LFG uses Outlaw to recruit a former Integrity Director to perform work on LFG's behalf for a Major Client because Plaintiffs were also onsite. At a minimum, these actions directly implicate LFG in encouraging, ratifying and benefitting from Outlaw's violation of his restrictive covenants.

For the reasons set forth herein, the Plaintiffs respectfully move the Court to modify the Case Management Order to permit Plaintiffs to move for leave to amend their Complaint after the

3

current July 25, 2025 deadline, and that the Court grant Plaintiffs leave to file their proposed First Amended Complaint.

This the 12th day of September, 2025.

*/s/ G. Bryan Adams III*
G. Bryan Adams, III
N.C. Bar No. 17307
VAN HOY, REUTLINGER, ADAMS, PIERCE & TISDALE, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 375-6022
Fax: (704) 375-6024
Email: bryan.adams@vraptlaw.com

**ATTORNEYS FOR PLAINTIFF INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC**

## ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to this Court's June 18, 2024 Order, the undersigned certifies no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources. The undersigned further certifies every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction.

## WORD COUNT CERTIFICATION

The undersigned certifies that this Reply Memorandum of Law is 755 words, not including caption, certifications and signature blocks.

This the 12th day of September, 2025.

            *s/ G. Bryan Adams, III*
            G. Bryan Adams, III (N.C. Bar No. 17307)
            VAN HOY, REUTLINGER, ADAMS, PIERCE
            & TISDALE, PLLC
            737 East Boulevard
            Charlotte, North Carolina 28203
            Telephone: 704-375-6022
            Fax: 704-375-6024
            Email: bryan.adams@vraptlaw.com

            **ATTORNEYS FOR PLAINTIFF INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT AND TO MODIFY DEADLINE FOR AMENDMENT OF PLEADINGS IN THE CASE MANAGEMENT ORDER was served on the Defendant's counsel of record through the Court's ECF electronic filing system addressed as follows:

> Liz Vennum
> Hull & Chandler, P.A.
> 1009 East Boulevard
> Charlotte, NC 28203
> lvennum@lawyercarolina.com

and a courtesy copy of this Memorandum has been sent to LFG counsel as follows:

> Jim Drozdowski
> Shawn McGraw
> Kaufman, Drozdowski & Grendell, LLC
> 29525 Chagrin Boulevard
> Pepper Pike, OH 44122
> jimd@kdglegal.com
> smcgraw@kdglegal.com

This the 12th day of September, 2025.

> *s/ G. Bryan Adams, III*
> G. Bryan Adams, III
> N.C. Bar No. 17307
> VAN HOY, REUTLINGER, ADAMS, PIERCE
> & TISDALE, PLLC
> 737 East Boulevard
> Charlotte, North Carolina 28203
> Telephone: 704-375-6022
> Fax: 704-375-6024
> Email: bryan.adams@vraptlaw.com
>
> **ATTORNEYS FOR PLAINTIFF INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC**