IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:25-cv-220

| | |
|---|---|
| INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC, and JJAM STAND, LLC | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| MATTHEW OUTLAW, | )<br>) |
| Defendant. | )<br>) |

### PLAINTIFFS' CONSENT MOTION TO SEAL

Plaintiffs INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC and JJAM STAND, LLC, pursuant to Local Rule 6.1, and with the consent of Defendant Matthew Outlaw, respectfully request an order allowing them to file under seal the "LFG Subpoena Production Excerpts" attached hereto as **Exhibit 1** upon which the Plaintiffs are supporting their Motion for Leave to Amend Complaint and to Modify Deadline for Amendment of Pleadings in Case Management Order ("Motion to Amend")("Doc. 8). In support of this motion, Plaintiffs show unto the Court the following:

1. On July 18 and August 13, 2025, Defendant's current employer, LFG Service Partners, Inc. ("LFG") served two separate sets of documents on Plaintiffs' counsel in response to Plaintiffs' April 30, 2025 subpoena *duces tecum*. LFG marked all 219 pages of the production as "Confidential" under this Court's "Standing Protective Order for Civil Cases" Misc. 3:07-MC-47 (May 14, 2007). LFG also redacted information from the documents it produced to Plaintiffs.

2. On September 5, 2025, Defendant filed his Response in Opposition to the Plaintiffs' Motion to Amend. (Doc. 10). In his Response, Defendant argues, *inter alia,* that Plaintiffs should identify with specificity the documents from the LFG subpoena production that constitute the new evidence supporting Plaintiffs' Motion to Amend its Complaint to add LFG as a party defendant.

3. In response to the Defendant's position on this issue, Plaintiffs' counsel reviewed LFG subpoena production and identified 10 key documents that support its Motion to Amend that reflect LFG's direct involvement in conspiring with the Defendant to violate his restrictive covenants, to solicit Plaintiffs' customers, to divert business opportunities to LFG including those with Plaintiffs' Major Clients (as defined in ¶ 11 of the Complaint) and to disclose and use Plaintiffs' Confidential Information.

4. As each of these LFG documents was marked Confidential, Plaintiffs' counsel did not believe it could immediately proceed with publicly filing those documents with their Reply in support of their Motion to Amend. Accordingly, Plaintiffs' counsel attempted to resolve this issue by making additional redactions of what appeared to be the confidential information in those documents and provided those additionally redacted documents to LFG's counsel and Defendant's counsel asking if those documents could now be filed publicly with Plaintiffs' Reply in support of its Motion to Amend.

5. LFG did not consent to the public filing of those additionally redacted documents from its subpoena production; therefore Plaintiffs are filing this Motion to Seal to ensure Plaintiffs can use them in support of their Motion to Amend while preserving their confidentiality as long as the Court deems necessary. In conjunction with the filing of their Reply, Plaintiffs have not filed any version of those LFG documents but have instead simply

filed a "placeholder" representing those documents being filed under seal.

6. In accordance with Local Rule 6.1(d), along with this motion, Plaintiffs are filing provisionally under seal as **<u>Exhibit 1</u>** the above-referenced 10 pages from the LFG subpoena production which are Bates numbered as follows: LFGPROD 113, 135-136, 144-146, 162, 168, 208-209[1] for review by this Court.

7. A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule ("LCvR") 6.1 provides in relevant part as follows:

> **LCvR. 6.1  SEALED FILINGS AND PUBLIC ACCESS.**
>
> **(a)** *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision-making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.
>
> **(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.
>
> **(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:
>
> > **(1)** A non-confidential description of the material sought to be sealed;
> > **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
> > **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to

---

[1] In Exhibit 1 filed with this Motion, the documents are in order by date, not by the foregoing sequential Bates number order.

have the material maintained under seal and how the matter is to be handled upon unsealing; and
**(4)** Supporting statutes, case law, or other authority.

LCvR 6.1.

8. For the reasons set forth above, Plaintiffs believe that they have in good faith complied with the requirements of LCvR 6.1.

9. Plaintiffs do not seek permanent sealing of the documents in Exhibit 1, but only for such a period of time that enables the Court to review the same in considering the Plaintiffs' Motion to Amend.

10. Plaintiffs consulted with the Defendant's counsel regarding their position on this motion to seal and Defendant consents to the same.

WHEREFORE, Plaintiffs respectfully move the Court to allow them to file the LFG subpoena production excerpts contained in Exhibit 1 to this motion under seal during the Court's review of the Plaintiffs' Motion to Amend.

This the 12th day of September, 2025.

*/s/ G. Bryan Adams III*
G. Bryan Adams, III
N.C. Bar No. 17307
VAN HOY, REUTLINGER, ADAMS, PIERCE & TISDALE, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 375-6022
Fax: (704) 375-6024
Email: bryan.adams@vraptlaw.com

**ATTORNEYS FOR PLAINTIFF INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC**

## ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to this Court's June 18, 2024 Order, the undersigned certifies no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources. The undersigned further certifies every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction.

This the 12th day of September, 2025.

>*s/ G. Bryan Adams, III*
>G. Bryan Adams, III (N.C. Bar No. 17307)
>VAN HOY, REUTLINGER, ADAMS, PIERCE
>& TISDALE, PLLC
>737 East Boulevard
>Charlotte, North Carolina 28203
>Telephone: 704-375-6022
>Fax: 704-375-6024
>Email: bryan.adams@vraptlaw.com
>
>**ATTORNEYS FOR PLAINTIFF INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this CONSENT MOTION TO SEAL was served on the Defendant's counsel of record through the Court's ECF electronic filing system addressed as follows:

> Liz Vennum
> Hull & Chandler, P.A.
> 1009 East Boulevard
> Charlotte, NC 28203
> lvennum@lawyercarolina.com

and a courtesy copy of this Motion to Seal has been sent to LFG counsel as follows:

> Jim Drozdowski
> Shawn McGraw
> Kaufman, Drozdowski & Grendell, LLC
> 29525 Chagrin Boulevard
> Pepper Pike, OH 44122
> jimd@kdglegal.com
> smcgraw@kdglegal.com

This the 12th day of September, 2025.

> *s/ G. Bryan Adams, III*
> G. Bryan Adams, III
> N.C. Bar No. 17307
> VAN HOY, REUTLINGER, ADAMS, PIERCE
> & TISDALE, PLLC
> 737 East Boulevard
> Charlotte, North Carolina 28203
> Telephone: 704-375-6022
> Fax: 704-375-6024
> Email: bryan.adams@vraptlaw.com
>
> **ATTORNEYS FOR PLAINTIFF INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC**