# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Action No. 3:25-cv-220-FDW-SCR

| | |
|---|---|
| INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC, and JJAM STAND, LLC | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| MATTHEW OUTLAW, | )<br>) |
| Defendant. | )<br>) |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Plaintiff and Defendant, through counsel and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, acknowledge that the parties may seek information or documents through discovery that are or may be considered to be confidential by another party, and hereby stipulate and agree for purposes of the above-captioned litigation, and respectfully submit for approval of the Court, as follows:

1. This Consent Confidentiality and Protective Order ("Order") governs the use of all produced documents, responses to interrogatories and responses to requests for admissions, deposition transcripts, and any other information, document(s), or object(s) which have been or will be produced or received by any party during pretrial proceedings in this action pursuant to the Federal Rules of Civil Procedure, as well as any and all copies, abstracts, digests, notes, and summaries thereof or derived therefrom. These materials are collectively referred to herein as "Discovery Materials."

2.      All Discovery Materials produced in this action shall be deemed confidential and shall be used only for the prosecution or defense of this action and shall not be used or employed for any business or competitive purpose or any other purpose whatsoever.  Nothing in this Order shall prevent any party from producing any document or information in its possession to another person in response to a subpoena or compulsory process; provided, however, that if any party receives such a subpoena or compulsory process seeking production or other disclosure of Discovery Materials, that party shall give immediate written notice within ten (10) business days and, in any case, before the time for compliance with the subpoena or compulsory process expires to the counsel for the Producing Party (defined in paragraph 3), identifying the Discovery Materials and, unless prohibited by applicable law, enclosing a copy of the subpoena or other compulsory process. In no event shall production or other disclosure be made before a reasonable notice is given.

3.      Any Discovery Materials produced by any producing party or third party which are deemed in good faith by the producing party or third party (collectively, the "Producing Party") to contain highly confidential and/or proprietary information may be designated "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" in the manner set forth below.

5.      Discovery Material may be designated "Highly Confidential" if it contains trade secrets (as defined in N.C. Gen. Stat. § 66-152(3)) or other confidential research, development, financial, proprietary or commercial information that is not generally known in the public domain and is competitively sensitive to the Producing Party or competitively useful to the Receiving Party that should be protected against disclosure to third parties and also to agents of the parties other than outside or in-house counsel directly involved in this lawsuit.

6. With respect to document productions, the Producing Party may designate documents as Highly Confidential by causing each document which contains such information to be stamped or labeled "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY." No document containing a highly confidential designation shall be copied in whole or in part without the appropriate designation appearing on the copy.

7. With respect to depositions, the party or witness may, by statement on the record or by other agreement of counsel, designate any portion of deposition testimony as Highly Confidential. Any party or witness present at the deposition who is allowed access to Highly Confidential Discovery Materials pursuant to this Order shall be allowed to remain present during the scope of the questioning with regard to subjects so designated, while all other persons shall be excused until non-Confidential subjects are resumed. In addition, the party or witness may, by letter to all counsel of record, designate any portion of the deposition testimony as "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" at any time up to thirty (30) days after actual receipt of the final transcript of the deposition, and such portions shall be treated by the parties as provided herein. Until the end of the thirty-day period (or until an earlier designation is made by counsel), the entire deposition shall be treated as "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY." With respect to answers to interrogatories or responses to requests for admissions, a party may designate all or any portion of such responses as Highly Confidential by clearly labeling them as such in the body of the response or be prefacing the response with an objection on the grounds that the discovery requests contain confidential or proprietary information.

8. Discovery Materials shall not be disclosed, directly or indirectly, in whole or in part, in words or substance, except during the course of this case and only to and among the following persons:

(a) Attorneys of record in this case and their employees under their direct supervision working on this case on behalf of any party;

(b) Any party or person employed by a party, or retained by any attorney described in subparagraph (a) above, to assist as an expert in the preparation of this action for trial;

(c) Any partner or employee of a party who is required by such party to work on this litigation, but only in connection with such work;

(d) Any person whose testimony is taken or may be taken in this action, except that such person may only see and retain copies of the Discovery Material during his testimony, in preparation therefor, or in discussions with persons described in subparagraphs 8(a) through (c) above regarding possible testimony, and may not thereafter retain any such information;

(e) Court officials involved in this litigation (including court reporters and persons operating video recording equipment at depositions), provided that the parties and any other person subject to the provisions of this Order shall comply with the provisions governing the sealing of materials set forth in paragraph 12, below; and

(f) Any person who authored or received such information or documents in the ordinary course of business.

9. Highly Confidential Discovery Materials shall not be disclosed directly or indirectly, in whole or in part, in words or substance, except during the course of this case and only to and among the following persons:

(a) Attorneys of record in this case, and Plaintiffs' outside corporate counsel Matthew Joyner;

(b) Independent consulting or testifying experts employed by a party;

(c) Court officials involved in this litigation (including court reporters and persons operating video recording equipment at depositions), provided that the parties and any other person subject to the provisions of this Order shall comply with the provisions governing the sealing of materials set forth in paragraph 12, below; and

(d) Any person who authored or received such information or documents in the ordinary course of business.

The parties agree that, should it become necessary for another agent of any party to review Highly Confidential Discovery Material to prosecute, defend, or resolve these actions, the agent and the parties shall enter into a separate agreement governing the limited access to and use of such information.

10. Before a party may disclose Highly Confidential Discovery Material that it has received from a Producing Party to any person permitted by the preceding paragraphs (other than the Court, court employees and counsel of record in this case), such person shall be provided a copy of this Order and sign a confidentiality agreement in the form attached hereto as Exhibit A. The Receiving Party's counsel shall maintain copies of all confidentiality agreements signed by such persons. No Highly Confidential Discovery Material provided to a Receiving Party by a Producing Party shall be disclosed by the Receiving Party to any person who refuses to sign a confidentiality agreement. In the event any person who has signed a confidentiality agreement refuses to comply therewith, or to knowledge of counsel, fails to adhere to the terms thereof, counsel shall make no further disclosure to such persons, shall immediately notify counsel for the Producing Party, and shall immediately retrieve any Highly Confidential Discovery Material provided to such person.

11. In the event any person disagrees with the designation of any Discovery Materials as Highly Confidential, counsel shall attempt to resolve the disagreement on an informal basis. If it is necessary to present the dispute to the Court for resolution, it shall be the responsibility of the person opposing the designation to move the Court for an order compelling the disclosure without the Highly Confidential restriction. On such motion, the Producing Party shall have the burden to demonstrate the need for the confidential designation of such materials. Unless and until the Court shall issue a final ruling that the material is not of a Highly Confidential nature, the material in question shall continue to be treated by all persons as Highly Confidential as originally designated and all persons shall adhere to all provisions related to the designation provided herein.

12. If a party wishes to submit to the Court any Discovery Materials designated as Highly Confidential, or to use or refer to the same in briefs, affidavits, or any other documents or submissions, then the parties shall first confer in advance and in good faith seek leave of the Court to have such materials, briefs, affidavits, documents or submissions maintained under seal in compliance with Local Civil Rule 6.1 and other applicable law. The parties shall endeavor to minimize filing Highly Confidential Discovery Materials with the Court, particularly recognizing that the burden of maintaining the confidentiality of materials submitted to the Court for its consideration is significantly greater than the burden to protect the confidentiality of information exchanged by the parties during the course of discovery but not actually submitted to the Court. Where feasible, the filing party shall seek alternatives to filing an entire pleading, brief, or other filing under seal, such as, for example, additionally publicly filing the document in redacted form, separately filing confidential and non-confidential documents rather than a single filing or appendix with both, or using a confidential appendix to a brief rather than embodying discussion of confidential material in the body of the brief. In the event that a party opposes designation of

certain materials as Highly Confidential or those materials' status under seal, then the party opposing the designation may file a motion with the Court asking for relief from the designation as set forth in paragraph 11. Nothing in this Order shall be construed as establishing that any document filed in this action meets the definition of "Highly Confidential" material, as defined in paragraphs 4 and 5 of this Order, so as to preclude any party from challenging the "Highly Confidential" designation of any documents filed under seal.

13. Nothing contained in this Order shall restrict the rights of any party to use and (consistent with its obligations to preserve evidence) dispose of its own documents or information obtained or developed by the party independently of (including publicly available documents) and without reference to documents, transcripts, and other information provisionally afforded confidential treatment pursuant to this Order.

14. In entering this Order, this Court expressly does not address or decide whether Discovery Material designated "Highly Confidential" is protectable.

15. By consenting to the issuance of this Order, no party shall be deemed to have waived its right to oppose production of any document, thing, or information due to lack of timeliness, relevance, materiality, privilege, the material containing work product of counsel, the material not being calculated to lead to the discovery of admissible evidence, unreasonable burden or expense given the needs of the case, or any other ground permitted by the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

16. This Order shall not preclude any party from applying to the Court for the relief from any provision hereof or from asserting that certain Discovery Materials should receive greater confidentiality protection than provided herein.

17. Upon the termination of this action, any party that produced Discovery Materials may write to counsel for any party or parties that received such Discovery Materials to request that such Discovery Materials be returned or destroyed. Within thirty (30) days of receiving such a written request from a party that produced Discovery Materials, the party shall (at the option of the party receiving such request) either return all copies of the Discovery Materials to the Producing Party or destroy all copies of the Discovery Materials and certify such destruction in writing to the Producing Party; provided, however, that counsel of record for any party receiving such a request may retain for his or her own files any abstracts, digests, notes, memoranda, or summaries prepared by that party or its counsel as work product and/or attorney-client privileged communications, notwithstanding that such abstracts, digests, notes, memoranda, or summaries might reveal the substance or contents of Discovery Materials; and provided, further, that counsel of record for any party receiving such a request may retain for his or her own files a copy of any items filed with the Court as described in paragraph 12 hereof, notwithstanding that such items might include copies of, or reveal the substance or contents of, Discovery Materials.

18. The inadvertent production of any privileged or otherwise protected materials alone shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to the attorney-client privilege, the protection afforded to work-product materials, the confidentiality protection of this Order, or the subject matter thereof. Upon receiving notice from the Producing Party that materials have been inadvertently produced, the Receiving Party shall promptly return all copies of such materials to the Producing Party. Such return shall not be deemed an admission or concession regarding any claimed privilege or protection.

19. This Order shall become effective as a stipulation among the parties immediately upon its execution by counsel for all parties, notwithstanding the pendency of approval by the

Court. If approval by the Court is ultimately withheld or made conditional, no party shall treat any Highly Confidential materials produced other than as provided in this Order without giving the Producing Party sufficient advanced notice to allow for application to the Court for additional relief.

20. This Order is without prejudice to the right of any party to seek modification or amendment of this Order by further order of this Court upon motion and notice.

It is hereby ORDERED that the foregoing Stipulation and Consent Protective Order respecting Confidentiality of Discovery Materials, stipulated to by the undersigned parties, is approved and is hereby entered as an Order of the Court.

Signed: October 23, 2025

**SO ORDERED**.

Susan C. Rodriguez
United States Magistrate Judge

STIPULATED AND AGREED TO:

| | |
|---|---|
| */s/ G. Bryan Adams III* | *s/ Elizabeth Vennum* |
| G. Bryan Adams III | Elizabeth Vennum |
| VAN HOY, REUTLINGER, ADAMS, PIERCE & TISDALE, PLLC | HULL & CHANDLER, P.A. |
| 737 East Blvd. | 1009 East Boulevard |
| Charlotte, NC 28203 | Charlotte, NC 28203 |
| Telephone: 704-375-6022 | Telephone: 704-375-8488 |
| Fax: 704-375-6024 | Fax: 704-375-8487 |
| Email: bryan.adams@vraptlaw.com | Email: lvennum@lawyercarolina.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

# **EXHIBIT A**

## **CONFIDENTIALITY AGREEMENT**

      I, _____, hereby attest to my understanding that Discovery Materials are being provided to me pursuant to the terms and conditions and restrictions of the Stipulation and Consent Protective Order respecting Confidentiality of Discovery Materials in the action pending in the United States District Court for the Western District of North Carolina, Charlotte Division, Civil Action Number 3:25-cv-00220-FDW-SCR, titled, "Integrity Environmental Solutions, LLC, and JJAM Stand, LLC, Plaintiffs, v. Matthew Outlaw, Defendant" (the "Order"); that I have been given a copy of and have read the Order and have had its meaning and effect explained to me by one or more of the attorneys representing the Parties in the case; and that I hereby agree to be bound by it and its terms. I further agree that I shall not disclose to others, except in accordance with the Order, any Confidential Materials or Highly Confidential Materials, including notes or other memorandum or writings with the contents of Confidential Materials or Highly Confidential Materials contained in them, that such information or documents shall be used only in connection with the above-captioned matter, and that I will not make any copies in any form of such information. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this action. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Order, I may be subject to the same sanctions, including sanctions by way of contempt of Court, imposed by the Court for such failure. Further, I agree to subject myself to the jurisdiction of the Court issuing the Order, in and for any contempt proceedings or other appropriate sanctions as the Court may deem proper for violation of the Order.

_____
Signed

_____
Printed

Subscribed and sworn to before me this
day of _____, 20___

_____
Notary Public
My Commission Expires: _____