IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:25-cv-220

| INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC and JJAM STAND, LLC, | ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | **DEFENDANT LFG SERVICE PARTNERS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | ) ) ) | |
| MATTHEW OUTLAW and LFG SERVICE PARTNERS, INC., | ) ) ) | |
| Defendants. | ) ) | |

For its Answer to the First Amended Complaint of Plaintiffs Integrity Environment Solutions, LLC and JJAM Stand, LLC ("Plaintiffs"), Defendant LFG Service Partners, Inc. ("LFG") states as follows:

1. LFG denies for want of knowledge the allegations in Paragraph 1 of the Complaint as they pertain to Matthew Outlaw and denies the allegations as they pertain to LFG.

2. Upon information and belief, LFG admits the allegations in Paragraph 2 of the Complaint.

3. Upon information and belief, LFG admits the allegations in Paragraph 3 of the Complaint.

4. In response to Paragraph 4 of the Complaint, LFG admits that Outlaw is a former employee of Integrity but denies the remaining allegations in Paragraph 4 of the Complaint for want of knowledge.

5. LFG admits that it is an Ohio Corporation but denies the remaining allegations in Paragraph 5 of the Complaint.

6. LFG admits that this Court has personal jurisdiction over LFG and subject matter jurisdiction in this matter. Except as expressly admitted herein, all other allegations in Paragraph 6 are denied.

7. Upon information and belief, LFG admits the allegations in Paragraph 7 of the Complaint.

8. LFG denies for want of knowledge the allegations in Paragraph 8 of the Complaint.

9. LFG denies for want of knowledge the allegations in Paragraph 9 of the Complaint.

10. LFG denies for want of knowledge the allegations in Paragraph 10 of the Complaint.

11. LFG denies for want of knowledge the allegations in Paragraph 11 of the Complaint.

12. LFG denies for want of knowledge the allegations in Paragraph 12 of the Complaint.

13. LFG denies for want of knowledge the allegations in Paragraph 13 of the Complaint.

14. LFG denies for want of knowledge the allegations in Paragraph 14 of the Complaint.

15. LFG denies for want of knowledge the allegations in Paragraph 15 of the Complaint.

16. LFG denies for want of knowledge the allegations in Paragraph 16 of the Complaint.

17. LFG denies for want of knowledge the allegations in Paragraph 17 of the Complaint.

18. LFG denies for want of knowledge the allegations in Paragraph 18 of the Complaint.

19. LFG denies for want of knowledge the allegations in Paragraph 19 of the Complaint.

20. LFG denies for want of knowledge the allegations in Paragraph 20 of the Complaint.

21. LFG denies for want of knowledge the allegations in Paragraph 21 of the Complaint.

22. LFG denies for want of knowledge the allegations in Paragraph 22 of the Complaint.

23. LFG denies for want of knowledge the allegations in Paragraph 23 of the Complaint.

24. LFG denies the allegations in Paragraph 24 of the Complaint.

25. LFG denies the allegations in Paragraph 25 of the Complaint.

26. LFG denies the allegations in Paragraph 26 of the Complaint.

27. LFG denies the allegations in Paragraph 27 of the Complaint.

28. LFG denies the allegations in Paragraph 28 of the Complaint.

29. LFG denies the allegations in Paragraph 29 of the Complaint.

30. LFG denies the allegations in Paragraph 30 of the Complaint.

31. LFG denies the allegations in Paragraph 31 of the Complaint.

32. LFG denies the allegations in Paragraph 32 of the Complaint.

33. In response to Paragraph 33 of the Complaint, LFG states that the agreement speaks for itself and denies any allegation inconsistence therewith.

34. LFG denies for want of knowledge the allegations in Paragraph 34 of the Complaint.

35. In response to Paragraph 35 of the Complaint, LFG states that the document speaks for itself and denies any allegation inconsistent therewith.

36. LFG denies for want of knowledge the allegations in Paragraph 36 of the Complaint.

37. LFG denies for want of knowledge the allegations in Paragraph 37 of the Complaint.

38. LFG denies for want of knowledge the allegations in Paragraph 38 of the Complaint.

39. LFG denies for want of knowledge the allegations in Paragraph 39 of the Complaint.

40. LFG denies for want of knowledge the allegations in Paragraph 40 of the Complaint.

41. LFG denies for want of knowledge the allegations in Paragraph 41 of the Complaint.

42. LFG denies for want of knowledge the allegations in Paragraph 42 of the Complaint.

43. LFG denies for want of knowledge the allegations in Paragraph 43 of the Complaint.

44. LFG denies for want of knowledge the allegations in Paragraph 44 of the Complaint.

45. LFG denies for want of knowledge the allegations in Paragraph 45 of the Complaint.

46. LFG denies for want of knowledge the allegations in Paragraph 46 of the Complaint.

47. LFG denies for want of knowledge the allegations in Paragraph 47 of the Complaint.

48. LFG denies for want of knowledge the allegations in Paragraph 48 of the Complaint.

49. LFG denies for want of knowledge the allegations in Paragraph 49 of the Complaint.

50. LFG admits issuing a July 5, 2024 announcement that speaks for itself, but denies all allegations in Paragraph 50 of the Complaint that are inconsistent with this response.

51. LFG denies for want of knowledge the allegations in Paragraph 51 of the Complaint.

52. LFG denies for want of knowledge the allegations in Paragraph 52 of the Complaint.

53. LFG admits being contacted by Mr. Outlaw in or about August of 2024 about employment opportunities.

54. LFG admits that it received a copy of a non-compete agreement signed by Mr. Outlaw, but denies the remaining allegations in Paragraph 54 of the Complaint.

55. LFG admits that Mr. Outlaw was issued an offer of employment with an affiliated entity in September 2024 but denies the remaining allegations in Paragraph 55 of the Complaint.

56. Upon information and belief, LFG admits the allegations in Paragraph 56 of the Complaint.

57. LFG denies for want of knowledge the allegations in Paragraph 57 of the Complaint.

58. LFG denies for want of knowledge the allegations in Paragraph 58 of the Complaint. for want of knowledge.

59. LFG admits that Mr. Outlaw was employed by its affiliated entity but denies the remaining allegations in Paragraph 59 of the complaint, including any attachment of Exhibit I to the Amended Complaint.

60. In response to Paragraph 60 of the Complaint, LFG states that Outlaw's employment with LFG ended on November 7, 2025 and denies the remaining allegations in Paragraph 60.

61. LFG denies the allegations in Paragraph 61 that are directed against it except to admit that James Baird reached out to a former manager of Integrity through LinkedIn who, based upon information and belief, had no non-compete agreement with Plaintiffs. LFG denies for lack of knowledge the remaining allegations in Paragraph 61.

62. In response to Paragraph 62 of the Complaint, LFG avers that Outlaw is no longer employed by LFG and denies the remaining allegations of Paragraph 62.

63. Upon information and belief, LFG admits that Outlaw received a letter that speaks for itself but denies all remaining allegations in Paragraph 63 inconsistent therewith.

64. LFG denies for want of knowledge the allegations in Paragraph 64 of the Complaint.

65. LFG denies for want of knowledge the allegations in Paragraph 65 of the Complaint.

66. LFG denies the allegations in Paragraph 66 of the Complaint that are directed against it and denies the remaining allegations for want of knowledge.

67. LFG denies for want of knowledge the allegations in Paragraph 67 of the Complaint.

68. LFG denies for want of knowledge the allegations in Paragraph 68 of the Complaint.

69. LFG denies for want of knowledge the allegations in Paragraph 69 of the Complaint.

70. LFG denies the allegations in Paragraph 70 of the Complaint.

## **FIRST CAUSE OF ACTION – BREACH OF CONTRACT**

71. For its response to Paragraph 71 of the Complaint, LFG incorporates its responses to Paragraphs 1-70 as if fully restated herein.

72. LFG denies the allegations in Paragraph 72 of the Complaint.

73. LFG denies the allegations in Paragraph 73 of the Complaint.

74. LFG denies the allegations in Paragraph 74 of the Complaint.

75. LFG denies the allegations in Paragraph 75 of the Complaint.

76. LFG denies the allegations in Paragraph 76 of the Complaint.

77. LFG denies the allegations in Paragraph 77 of the Complaint.

78. LFG denies the allegations in Paragraph 78 of the Complaint.

79. LFG denies the allegations in Paragraph 79 of the Complaint.

80. LFG denies the allegations in Paragraph 80 of the Complaint.

81. In response to Paragraph 81 of the Complaint, LFG states that the documents speak for themselves.

82. LFG denies the allegations in Paragraph 82 of the Complaint.

83. LFG denies the allegations in Paragraph 83 of the Complaint.

**SECOND CAUSE OF ACTION – MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE NORTH CAROLINA TRADE SECRETS PROTECTION ACT, N.C. GEN. STAT. § 66-152, ET. SEQ.**

84. For its response to Paragraph 84 of the Complaint, LFG incorporates its responses to Paragraphs 1-83 as if fully restated herein.

85. The allegations of Paragraph 85 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, LFG denies the allegations.

86. The allegations of Paragraph 86 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, LFG denies the allegations.

87. The allegations of Paragraph 87 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, LFG denies the allegations.

88. LFG denies the allegations in Paragraph 88 of the Complaint.

89. LFG denies the allegations in Paragraph 89 of the Complaint.

90. LFG denies for want of knowledge the allegations in Paragraph 90 of the Complaint.

91. LFG denies the allegations in Paragraph 91 of the Complaint.

92. LFG denies the allegations in Paragraph 92 of the Complaint.

93. LFG denies the allegations in Paragraph 93 of the Complaint.

94. LFG denies for want of knowledge the allegations in Paragraph 94 of the Complaint.

95. LFG denies the allegations in Paragraph 95 of the Complaint.

96. LFG denies the allegations in Paragraph 96 of the Complaint.

### THIRD CAUSE OF ACTION – COMPUTER TREPRESS/COMPUTER CRIMES

97. LFG denies the allegations in Paragraph 97 of the Complaint, and incorporates its responses to Paragraphs 1-96 as if fully restated herein.

98. LFG denies for want of knowledge the allegations in Paragraph 98 of the Complaint.

99. LFG denies the allegations in Paragraph 99 of the Complaint.

100. LFG denies the allegations in Paragraph 100 of the Complaint.

101. LFG denies the allegations in Paragraph 101 of the Complaint.

102. LFG denies the allegations in Paragraph 102 of the Complaint.

### FOURTH CAUSE OF ACTION - CIVIL LIABILITY FOR THEFT BY EMPLOYEE
### (N.C. Gen. Stat. § 1-538.2)
### Against Defendant Outlaw

103. For its response to Paragraph 103 of the Complaint, LFG incorporates its responses to Paragraphs 1-102 as if fully restated herein.

104. The allegations of Paragraph 104 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, LFG denies the allegations.

105. LFG denies the allegations in Paragraph 105 of the Complaint.

## FIFTH CAUSE OF ACTION - VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. §§ 1030(A)(2)(C) AND 1030(A)(5)(C)) AGAINST DEFENDANT OUTLAW

106. For its response to Paragraph 106 of the Complaint, LFG incorporates its responses to Paragraphs 1-105 as if fully restated herein.

107. LFG denies for want of knowledge the allegations in Paragraph 107 of the Complaint.

108. LFG denies for want of knowledge the allegations in Paragraph 108 of the Complaint.

109. LFG denies for want of knowledge the allegations in Paragraph 109 of the Complaint. Deny for lack of knowledge

110. LFG denies for want of knowledge the allegations in Paragraph 110 of the Complaint.

111. LFG denies for want of knowledge the allegations in Paragraph 111 of the Complaint.

112. LFG denies for want of knowledge the allegations in Paragraph 112 of the Complaint.

113. LFG denies for want of knowledge the allegations in Paragraph 113 of the Complaint.

## SIXTH CAUSE OF ACTION – VIOLATION OF DEFEND TRADE SECRETS ACT (18 U.S.C. §1836 et seq.) Against All Defendants

114. For its response to Paragraph 114 of the Complaint, LFG incorporates its responses to Paragraphs 1-113 as if fully restated herein.

115. LFG denies the allegations in Paragraph 115 of the Complaint.

116. LFG denies for want of knowledge the allegations in Paragraph 116 of the Complaint.

117. LFG denies for want of knowledge the allegations in Paragraph 117 of the Complaint.

118. LFG denies for want of knowledge the allegations in Paragraph 118 of the Complaint.

119. LFG denies for want of knowledge the allegations in Paragraph 119 of the Complaint.

120. LFG denies for want of knowledge the allegations in Paragraph 120 of the Complaint.

121. LFG denies for want of knowledge the allegations in Paragraph 121 of the Complaint.

122. LFG denies for want of knowledge the allegations in Paragraph 122 of the Complaint.

123. LFG denies the allegations in Paragraph 123 of the Complaint.

124. LFG denies the allegations in Paragraph 124 of the Complaint.

125. LFG denies the allegations in Paragraph 125 of the Complaint.

126. LFG denies the allegations in Paragraph 126 of the Complaint.

127. LFG denies the allegations in Paragraph 127 of the Complaint.

128. LFG denies the allegations in Paragraph 128 of the Complaint.

129. LFG denies the allegations in Paragraph 129 of the Complaint.

## SEVENTH CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY AGAINST DEFENDANT OUTLAW

130. For its response to Paragraph 130 of the Complaint, LFG incorporates its responses to Paragraphs 1-129 as if fully restated herein.

131. LFG denies for want of knowledge the allegations in Paragraph 131 of the Complaint.

132. LFG denies for want of knowledge the allegations in Paragraph 132 of the Complaint.

133. LFG denies for want of knowledge the allegations in Paragraph 133 of the Complaint.

134. LFG denies the allegations in Paragraph 134 of the Complaint.

135. LFG denies the allegations in Paragraph 135 of the Complaint.

136. LFG denies the allegations in Paragraph 136 of the Complaint.

137. LFG denies the allegations in Paragraph 137 of the Complaint.

138. LFG denies the allegations in Paragraph 138 of the Complaint.

## EIGHTH CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH CONTRACT AGAINST DEFENDANT LFG

139. For its response to Paragraph 139 of the Complaint, LFG incorporates its responses to Paragraphs 1-138 as if fully restated herein.

140. LFG denies the allegations in Paragraph 140 of the Complaint.

141. LFG denies the allegations in Paragraph 141 of the Complaint.

142. LFG denies the allegations in Paragraph 142 of the Complaint.

143. LFG denies the allegations in Paragraph 143 of the Complaint.

# NINTH CAUSE OF ACTION - TORTIOUS INTERFERENCE WITH CUSTOMER RELATIONS AND PROSPECTIVE CUSTOMER RELATIONS AND ECONOMIC ADVANTAGE
# AGAINST ALL DEFENDANTS

144. For its response to Paragraph 144 of the Complaint, LFG incorporates its responses to Paragraphs 1-143 as if fully restated herein.

145. LFG denies for want of knowledge the allegations in Paragraph 145 of the Complaint.

146. LFG denies for want of knowledge the allegations in Paragraph 146 of the Complaint.

147. LFG admits the allegations in Paragraph 147 of the Complaint.

148. LFG denies the allegations in Paragraph 148 of the Complaint.

149. LFG denies the allegations in Paragraph 149 of the Complaint.

150. LFG denies the allegations in Paragraph 150 of the Complaint.

151. LFG denies the allegations in Paragraph 151 of the Complaint.

152. LFG denies the allegations in Paragraph 152 of the Complaint.

# TENTH CAUSE OF ACTION – CIVIL CONSPIRACY AGAINST ALL DEFENDANTS

153. For its response to Paragraph 153 of the Complaint, LFG incorporates its responses to Paragraphs 1-152 as if fully restated herein.

154. LFG denies the allegations in Paragraph 154 of the Complaint.

155. LFG denies the allegations in Paragraph 155 of the Complaint.

156. LFG denies the allegations in Paragraph 156 of the Complaint.

157. LFG denies the allegations in Paragraph 157 of the Complaint.

# ELEVENTH CAUSE OF ACTION - UNFAIR AND DECEPTIVE TRADE PRACTICES N.C. GEN. STAT. § 75-1.1 ET. SEQ. AGAINST ALL DEFENDANTS

158. For its response to Paragraph 158 of the Complaint, LFG incorporates its responses to Paragraphs 1-157 as if fully restated herein.

159. LFG denies the allegations in Paragraph 159 of the Complaint.

160. LFG denies the allegations in Paragraph 160 of the Complaint.

161. LFG denies the allegations in Paragraph 161 of the Complaint.

162. LFG denies the allegations in Paragraph 162 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred by the doctrines of laches, waiver, estoppel, acquiescence, consent, set-off, and/or unclean hands.

3. The Plaintiffs has failed to identify the trade secrets with sufficient particularity as required under both the North Carolina Trade Secrets Protection Act and DTSA.

4. Plaintiffs are barred from any recovery from or relief against LFG to the extent that some or all of the losses or damages alleged in Plaintiffs' Amended Complaint or otherwise claimed could have been avoided or minimized by Plaintiffs, and Plaintiffs are barred from any such recovery from LFG because Plaintiffs have failed to mitigate their damages (all such damages being again denied).

5. LFG denies any breach of contract but asserts as an affirmative defense to Plaintiffs' claims of breach of contract that the contracts alleged were invalid and unenforceable.

6. To the extent that Plaintiffs have suffered any damages, LFG's conduct was not the legal or proximate cause of those damages.

7. Plaintiffs have failed to join one or more indispensable parties.

8. Plaintiffs are not the real parties in interest with respect to some or all of the claims they have alleged.

9. Plaintiff is not entitled to an award of attorneys' fees, in any amount, from LFG.

10. Plaintiff is not entitled to compensatory damages of any kind or in any amount whatsoever. The Complaint and each alleged cause of action contained therein, fails to state any basis for recovery of punitive damages because Plaintiff has failed to allege facts sufficient to establish entitlement to such remedies.

11. Plaintiff is not entitled to prejudgment interest in any amount whatsoever from LFG.

12. LFG does not presently know all of the facts and circumstances respecting Plaintiff's claims and reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

13. To the extent to which any and all affirmative defenses and/or defenses are set forth in the preceding answers above, the same are incorporated herein by reference as though fully set forth at length herein.

14. LFG denies all allegations not specifically admitted herein and reserves the right to amend or supplement its answer and these affirmative defenses upon the discovery of new or additional information.

WHEREFORE, Defendant LFG Service Partners, Inc. ("LFG"), having replied fully to the First Amended Complaint of Plaintiffs Integrity Environment Solutions, LLC and JJAM Stand, LLC ("Plaintiffs"), respectfully prays the Court for the following relief:

1. that Plaintiffs have and recover nothing from LFG;

2. that the First Amended Complaint be dismissed with prejudice;

3. that the costs of this action be taxed against Plaintiffs;

4. that all issues of fact be tried by jury; and

5. for such other and further relief as the Court may deem just and proper.

This, the 4th day of February, 2026.

*/s/ Eric Spengler*
Eric Spengler (N.C. Bar #47165)
SPENGLER & AGANS, PLLC
352 N. Caswell Road
Charlotte, NC 28204
eric@s-a.law
(704) 910-5469 (phone)
(704) 730-7861 (fax)

*Attorney for Defendant*
*LFG Service Partners, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically and that notice of this filing will be sent by e-mail to all parties able to accept electronic filings, by operation of the Court's electronic filing system:

Liz Vennum
Hull & Chandler, P.A.
1009 East Boulevard
Charlotte, NC 28203
lvennum@lawyercarolina.com

G. Bryan Adams, III
VAN HOY, REUTLINGER, ADAMS, PIERCE
& TISDALE, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
bryan.adams@vraptlaw.com

This, the 4th day of February, 2026

*/s/ Eric Spengler*