**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Civil Action No. 3:25-cv-220**

| | |
|---|---|
| INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC, AND JJAM STAND, LLC, | |
| **Plaintiffs,** | |
| vs. | |
| MATTHEW OUTLAW and LFG SERVICE PARTNERS, INC., | |
| **Defendants.** | |

### PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT LFG SERVICE PARTNERS, INC. AND REQUEST FOR INFORMAL CONFERENCE

Plaintiffs Integrity Environmental Solutions, LLC and JJAM Stand, LLC respectfully move this Court pursuant to Federal Rule of Civil Procedure 37(a), Local Rule 7.1 and the Case Management Order, Sec. 1.i for an (a) informal conference with the Court regarding this discovery dispute, and (b) and Order compelling Defendant LFG Service Partners, Inc. ("LFG") to produce complete and adequate responses to Plaintiffs' Requests for Production of Documents Nos. 1 through 7, and for an award of reasonable expenses, including attorneys' fees, incurred in bringing this motion.

Plaintiffs are filing their request for an Informal Conference and the Motion to Compel together due to the press of time. Namely, the discovery period in this case ends on July 26, 2026, and Plaintiffs were concerned that if it requested an informal conference and waited for it to be scheduled, the discovery deadline could expire in the interim, and Plaintiffs wanted to ensure that their motion to compel was filed before the end of discovery.

In support of this motion, Plaintiffs state as follows:

1. This lawsuit was filed on March 31, 2025 against Defendant Matthew Outlaw ("Outlaw")(ECF No. 1).

2. On April 30, 2025, Plaintiffs served a subpoena on Outlaw's new employer LFG, seeking, among other things, communications between Outlaw and LFG since July 1, 2024, and bids and proposals to landfill operators or customers of Plaintiffs during that same time period. *See* **Exhibit 1** (Subpoena).

3. LFG responded to Plaintiffs' subpoena by producing some responsive documents on August 5, 2025 and September 11, 2025. Those documents reflected that, while still employed by Plaintiffs, Outlaw provided a customer lead to LFG on September 2, 2024 and cost information regarding specialized equipment used by Integrity on October 6, 2024. These documents also reflected that LFG agreed to pay a predetermined amount toward Outlaw's legal fees if there were any legal repercussions resulting from LFG's hiring him since Outlaw had an employment agreement with Plaintiffs containing non-competition, non-solicitation and confidential information non-disclosure restrictive covenants. Finally, LFG's documents showed that on March 25, 2025, LFG and Outlaw discussed performing work for an Integrity Major Client where Integrity was also performing services, and they agreed to send a former Integrity partner with whom Outlaw remained in contact to perform the work as LFG's proxy. *See* Plaintiffs' Motion to Seal (ECF No. 13), Exhibit 1 (excerpts from LFG subpoena production).

4. Based upon the foregoing LFG subpoena production, Plaintiffs moved to amend their Complaint to add LFG as a party defendant, which was granted by the Court and Plaintiffs filed their First Amended Complaint (ECF No. 16) on October 20, 2025.

5. On November 7, 2025, Outlaw was separated from his employment with LFG.

6.      Even after Outlaw was no longer employed by LFG, Plaintiffs remained concerned about the damage Outlaw caused them during his employment at LFG because Plaintiffs knew that Outlaw had accessed and misappropriated Plaintiff's highly confidential business information on the eve of his departure from Plaintiffs. Of particular concern was his downloading Plaintiffs' 2024 Proposals folder that contained bid, proposals, pricing and other highly confidential information Plaintiffs submitted to their Major Clients and other clients.  Therefore, Plaintiffs needed to know whether Outlaw used and/or transferred any of Plaintiffs' highly confidential business information during his LFG employment.

7.      In December 2025, counsel for Plaintiffs and LFG began a process of voluntary discovery focusing on Plaintiffs' alleged damages. Plaintiffs could not determine, with their internal bid and proposal information alone, which jobs LFG might have won – with Outlaw's help – at Plaintiff's expense.   LFG counsel requested that Plaintiffs provide examples of specific jobs they could cross-reference in searching LFG's records.  While this amounted to Plaintiffs effectively "shooting in the dark," Plaintiffs provided LFG counsel with several examples of bids and proposals for Major Clients and other clients they suspected they might have lost to LFG due to Outlaw's involvement and use of Plaintiffs' misappropriated confidential information. Plaintiffs' counsel also advised that Plaintiffs had lost over 100 projects but without LFG's information they would have no way of knowing if LFG won the jobs or not.

8.      LFG claimed to have only found some limited responsive information relating to Plaintiffs' client American Landfill and nothing else, even relating to Plaintiffs' Major Clients.

9.      On March 18, 2026, Plaintiffs served their First Set of Written Discovery to LFG consisting of Interrogatories and Requests for Production, a copy of which is attached as **Exhibit 2**.

3

10. On April 24, 2026, LFG served its responses to the foregoing discovery requests and a set of documents responsive to Plaintiffs' Requests for Production of Documents. A copy of LFG's written responses are attached hereto provisionally under seal as **Exhibit 3[1]**. LFG unilaterally limited its document production to information relating to customer American Landfill and repeatedly stated that "after a diligent search and good faith review, it is not in possession of any responsive documents." LFG's counsel has alternately referred to Plaintiffs' requests as a fishing expedition.

11. On May 3, 2026, the undersigned sent an email to LFG counsel notifying them that LFG's discovery production was deficient because while some of the American Landfill information was responsive, the vast majority of the production consisted of safety manuals, procedures and other items that had no bearing on the issues of the case. The undersigned emphasized that Plaintiffs are trying to determine whether Outlaw brought new business to LFG by introducing LFG to Integrity clients or using Integrity confidential information to obtain business from LFG. The undersigned offered to provide a more comprehensive confidential list of jobsites where it performed work, submitted quotes or bids, and marketed clients, if LFG would use those to identify overlaps with those clients of Plaintiffs to whom they submitted bids or quotes and were awarded work. LFG was agreeable to this approach.

12. On May 6, 2026, the undersigned sent a confidential list of 300 job sites, entitled "2023 to 2025 Clients" listing the client Plaintiffs serviced at the jobsite and the state or states in which Plaintiffs performed the work. A copy of this list is attached hereto and incorporated by reference provisionally under seal as **Exhibit 4**.

---

[1] Plaintiffs are filing Exhibits 3 through 11 provisionally under seal attached to Plaintiffs' contemporaneously filed Motion for Leave to File Under Seal because these documents are marked Confidential or contain confidential information under the protective order in this case. Accordingly, only placeholder exhibit labels are attached to this motion for Exhibits 3 through 10.

13.     On May 12, 2026, LFG counsel contacted the undersigned and requested more detail in the "2023 to 2025 Clients" spreadsheet identifying work that Plaintiffs had and lost or that it never obtained.

14.     On May 13, 2026, in response to LFG's request, Plaintiffs submitted an updated "2023 to 2025 Clients" spreadsheet which added columns to identify those clients and jobsites for which Plaintiffs submitted bids and whether they were awarded or not awarded work.     A copy of this list is attached hereto and incorporated by reference provisionally under seal as **Exhibit 5**.

15.     On June 3, 2026, in response to further complaints from LFG that the 2023 to 2025 Clients spreadsheet still did not contain enough detail to enable LFG to conduct its search, Plaintiffs again updated the spreadsheet and added a new column for "Type of Work Awarded and Not Awarded" and submitted it to LFG counsel to further facilitate their search for responsive documents.  A copy of this list is attached hereto and incorporated by reference provisionally under seal as **Exhibit 6**.

16.     On or about June 17, 2026, the undersigned contacted Outlaw's counsel because he could not find any record of having received Outlaw's responses to Plaintiffs' First Set of Discovery served on January 20, 2026.  Outlaw's counsel produced the same on June 17, 2026. Two things were noteworthy about Outlaw's discovery responses.  First, he claimed to have no memory of anything he did at LFG since he had not been employed there for several months. Second, Outlaw produced an email communication between himself and LFG Chief Executive Officer James Baird in September 2024, while he was still employed by Plaintiffs, in which they discussed business planning, expansion of business in the Southeast, using their presence at current jobsites to seek work in other adjacent lines of work and related matters.  LFG did not produce this email in response to Plaintiffs' subpoena or in its document production in response to Plaintiffs'

Case 3:25-cv-00220-FDW-SCR     Document 29     Filed 07/22/26     Page 5 of 12

discovery requests. A copy of this email is attached hereto and incorporated by reference provisionally under seal as **Exhibit 7**.

17. On June 23, 2026, Plaintiffs provided additional confidential information to LFG counsel to narrow the scope of their search and to hopefully expedite their production so that Plaintiffs would have their responses well in advance of the July 23, 2026 mediation. At the center of this lawsuit is Outlaw's accessing and downloading a highly confidential folder on Plaintiffs' server called "2024 Proposals" which contained all proposals and bids, containing pricing, for work in 2024. Plaintiffs allege that Outlaw shared this information with LFG and they used it to divert work from Plaintiffs. To that end, Plaintiffs provided LFG with a confidential list of all of the proposals and documents in the 2024 Proposals folder. This spreadsheet contained far more detail than the "2023 to 2025 Proposals" spreadsheet. Plaintiffs also provided LFG counsel with 2 of its redacted proposals for work from a Major Client in Bordertown, PA and New Castle, DE to aid their search. Copies of these documents are attached hereto and incorporated by reference provisionally under seal as **Exhibits 8 – 10**, respectively.

18. In response, LFG again complained that the 2024 Proposals spreadsheet was not helpful and did not contain sufficient detail to enable LFG to conduct its search.

19. On June 30, 2026, while still waiting on LFG to supplement its discovery responses, and after receiving complaints about the insufficiency of every item Plaintiffs had provided to LFG to facilitate its search, Plaintiffs made a proposal to LFG: Plaintiffs will provide the entire contents of the 2024 Proposals folder on a Highly Confidential – Attorneys Eyes Only basis, and in return, LFG will agree to provide full and complete responses to Plaintiffs' Requests for Production 1 through 7.

20. On July 8, 2026, LFG counsel rejected this proposal.

6

21.     At this point, Plaintiffs' counsel and LFG counsel had had Microsoft Teams calls regarding the foregoing discovery issues on six (6) occasions: December 10, 2025, January 13, 2026, May 6, 2026, May 27, 2026, May 29, 2026 and June 3, 2026.

22.     On July 13, 2026, the undersigned requested an update as to when it could expect LFG's supplemental discovery, because Plaintiffs needed to file a motion to compel discovery if those documents were not forthcoming.

23.     On July 15, 2026, Plaintiffs served their responses to Outlaw's Second Set of Written Discovery on Outlaw's counsel and LFG counsel.  Plaintiffs produced the entire contents of the 2024 Proposals folder on an Attorneys Eyes Only basis.

24.     On July 16, 2026, LFG counsel sent two sets of additional documents in response to Plaintiffs' March 2026 discovery requests: one set was marked Confidential and the second was marked Attorneys Eyes Only.   Combined, the two sets of documents amounted to only 434 pages, with the Confidential Documents and even the Attorneys Eyes Only designated documents being heavily redacted and nearly 160 pages of the production consisted of policies and template forms that are of no value.  The documents produced confirmed Outlaw's direct involvement in the submission of LFG bids and proposals to Plaintiffs' Major Clients. An example of a January 29, 2026 proposal to a Major Client is attached hereto and incorporated by reference provisionally under seal as **Exhibit 11**.  However, the bids and proposals produced by LFG redacted all pricing information.  LFG could have produced these documents unredacted and marked "Attorneys Eyes Only" but they did not do so.  Outlaw's potential use of Plaintiffs' confidential pricing at LFG is at the center of this lawsuit.

25.     On July 17, 2026, Outlaw served his responses to Plaintiffs' Second Set of Discovery.  Outlaw again refused to provide substantive responses to most discovery requests, he

7

objected and invoked the Fifth Amendment protection against self-incrimination, and claimed that he could not remember anything about the work he had done at LFG because he had not been employed there for several months.

26. On July 20, 2026, in view of LFG's supplemental document production on July 16, 2026 which confirmed Outlaw's involvement in submitting LFG proposals to Major Clients of Plaintiffs, the undersigned sent an email to LFG counsel requesting the following: (a) unredacted proposals on an Attorneys Eyes Only basis containing pricing information given that pricing is crucially important in this case; and (b) all proposals submitted by LFG during Outlaw's employment on an Attorneys Eyes Only basis. The request for all LFG proposals is driven in part by the fact that there was a key communication between Outlaw and LFG President James Baird in September 2024 that LFG never produced, and, as such, that Plaintiffs should not have to simply take LFG's word that it couldn't find any other responsive documents. Moreover, inasmuch as Outlaw claims to have no memory of substantive work he did for LFG, LFG is the only source of the documents Plaintiffs seek.

27. On July 21, 2026 at 4:30 p.m, counsel for the parties conducted a meet and confer conference as required by Local Rule 7.1. In the conference, LFG counsel agreed to produce unredacted versions of the documents they produced on July 16, 2026 on an Attorneys Eyes Only Basis. However, despite good faith efforts by both sides to resolve the discovery disputes regarding Requests for Production 1 through 7 – all proposals issued by LFG during Outlaw's employment - the parties were unable to reach agreement. This motion follows this conference.

WHEREFORE, for the reasons set forth in this Motion and Plaintiffs' Memorandum of Law in support thereof, Plaintiffs respectfully move the Court: (a) to schedule an informal conference to discuss this discovery dispute; and (b) if the informal conference does not resolve

the dispute, to consider this motion and enter an order compelling LFG to provide all bids and proposals it submitted to any client or customer during Matthew Outlaw's employment.

This the 22nd day of July, 2026.

*s/G. Bryan Adams, III*
G. Bryan Adams, III (NC Bar No. 17307)
VAN HOY, REUTLINGER, ADAMS,
PIERCE & TISDALE, PLLC
737 East Boulevard
Charlotte, NC  28203
Telephone:  704-375-6022
Fax:  704-375-6024
Email:  bryan.adams@vraptlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Plaintiffs, pursuant to Federal Rule 37(a)(2) and Local Rule 7.1, hereby certify that prior to their filing of this Motion to Compel Discovery, counsel for Plaintiffs communicated with counsel for LFG Service Partners, Inc. on multiple occasions via Microsoft Teams meetings and email, and most recently by conducting a meet and confer discussion pursuant to Local Rule 7.1 on Tuesday, July 21, 2026 at 4:30 p.m., in a good faith effort to resolve this discovery dispute without resorting to court action. Those efforts, however, were unsuccessful as explained in the pleadings filed herewith.

This the 22nd day of July, 2026.

*s/G. Bryan Adams, III*
G. Bryan Adams, III (NC Bar No. 17307)
VAN HOY, REUTLINGER, ADAMS,
PIERCE & TISDALE, PLLC
737 East Boulevard
Charlotte, NC  28203
Telephone:  704-375-6022
Fax:  704-375-6024
Email:  bryan.adams@vraptlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## <u>ARTIFICIAL INTELLIGENCE CERTIFICATION</u>

Pursuant to this Court's June 18, 2024 Order, the undersigned certifies no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources. The undersigned further certifies every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction.

This the 22nd day of July, 2026.

<div style="margin-left:40%">

*s/ G. Bryan Adams, III*
G. Bryan Adams, III (N.C. Bar No. 17307)
VAN HOY, REUTLINGER, ADAMS, PIERCE
& TISDALE, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
Telephone:  704-375-6022
Fax:  704-375-6024
Email:  bryan.adams@vraptlaw.com

**ATTORNEYS FOR PLAINTIFFS**

</div>

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that this MOTION TO COMPEL DISCOVERY AND REQUEST FOR INFORMAL CONFERENCE was served on the Defendants' counsel of record through the Court's ECF electronic filing system addressed as follows:

> Liz Vennum
> Hull & Chandler, P.A.
> 1009 East Boulevard
> Charlotte, NC 28203
> lvennum@lawyercarolina.com
>
> Eric Spengler
> Spengler & Agans, PLLC
> 352 N. Caswell Road
> Charlotte, NC  28204
> eric@s-a.law
>
> Jim Drozdowski
> Shawn McGraw
> Kaufman, Drozdowski & Grendell, LLC
> 29525 Chagrin Boulevard
> Pepper Pike, OH  44122
> jimd@kdglegal.com
> smcgraw@kdglegal.com

This the 22nd day of July, 2026.

> *s/ G. Bryan Adams, III*
> G. Bryan Adams, III
> N.C. Bar No. 17307
> VAN HOY, REUTLINGER, ADAMS, PIERCE
> & TISDALE, PLLC
> 737 East Boulevard
> Charlotte, North Carolina 28203
> Telephone:  704-375-6022
> Fax:  704-375-6024
> Email:  bryan.adams@vraptlaw.com
> **ATTORNEYS FOR PLAINTIFFS**

12