# VAN HOY, REUTLINGER, ADAMS, PIERCE & TISDALE, PLLC

ATTORNEYS AT LAW
737 EAST BOULEVARD
CHARLOTTE, NORTH CAROLINA 28203
WWW.VRAPLAW.COM

PHILIP M. VAN HOY (1947 – 2020)
CRAIG A. REUTLINGER, PC (RETIRED)
G. BRYAN ADAMS, III
C. GRAINGER PIERCE, JR.
H. BERNARD TISDALE III

April 30, 2025

TELEPHONE: (704) 375-6022
FACSIMILE: (704) 375-6024

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

LFG SERVICE PARTNERS, INC.
By Serving its Registered Agent The Sneiderman Law Firm LLC
6001 Cochran Road, Suite 204
Solon, Ohio  44139

> RE:  *Integrity Environmental Solutions, LLC and JJAM STAND, LLC v. Matthew Outlaw*
> U.S. District Court (WDNC), Case No. 3:25-cv-220

Dear Sir/Madam:

This law firm represents the Plaintiffs in the above-referenced lawsuit.  I hereby enclose and serve upon you a subpoena to LFG Service Partners, Inc.

If you should have any questions, please do not hesitate to contact me.

Sincerely,

VAN HOY, REUTLINGER, ADAMS, PIERCE
& TISDALE, PLLC

G. Bryan Adams, III

Enclosure

cc:  Integrity Environmental Solutions, LLC
JJAM STAND, LLC
Liz Vennum

# UNITED STATES DISTRICT COURT
### for the
### Western District of North Carolina

| | |
|---|---|
| INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC , et.al<br>_____<br>*Plaintiff*<br>v.<br>MATTHEW OUTLAW<br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.  3:25-CV-220

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  LFG SERVICE PARTNERS, INC., by serving its Registered Agent The Sneiderman Law Firm LLC, 6001 Cochran Road, Suite 204, Solon, Ohio  44139

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE EXHIBIT A, attached hereto and incorporated herein by reference

| Place:   Van Hoy, Reutlinger, Adams, Pierce & Tisdale, PLLC<br>737 East Boulevard, Charlotte, NC  28203<br>Email:  bryan.adams@vraptlaw.com | Date and Time:<br><br>05/23/2025 2:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/30/2025

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiff
Integrity Environmental Solutions, LLC _____ , who issues or requests this subpoena, are:
G. Bryan Adams, III, VAN HOY, REUTLINGER, ADAMS, PIERCE & TISDALE, PLLC, 737 East Blvd., Charlotte, NC 2820

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:25-CV-220

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

Unless otherwise indicated, the following definitions apply:

1. "INTEGRITY" and "YOU" and "YOUR" shall mean Plaintiff INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC, and any parent, subsidiary, affiliated, and related company, and all its respective officers, agents, employees, directors, management, insurers, and/or attorneys and predecessors.

2. "LFG" shall mean LFG SERVICE PARTNERS, INC. and any parent, subsidiary, affiliated, and related company, including specifically but not limited to Monitoring, Control and Compliance ("MCC") and Biovac Industrial Services ("Biovac") and MCC, and all its respective officers, agents, employees, directors, management, and insurers.

3. "OUTLAW" shall mean Defendant MATTHEW OUTLAW in the lawsuit referenced in the caption of this Subpoena.

4. "Document" shall mean any written, printed, recorded, or other graphic matter of any kind or nature including, but not limited to, photographs and videotapes, and all mechanical and electrical sound recordings and any transcripts, or formatted collection of data for business transaction purposes in the possession, custody, or known by You to exist. It shall also mean all copies of Documents by whatever means made, and encompasses all Documents, whether internal or otherwise.

5. "Communication" shall mean any oral, written, or electronic exchange of work, thoughts, ideas or documents between persons or entities by any means, including without limitation any written or oral recorded, transcribed, taped, filmed or other contact including, but not limited to, letters, emails, text messages, chat messages, telexes, telegrams, teletypes, correspondence, electronic sound recordings or transcriptions thereof and generated messages.

6. "Information" shall mean any property-related data or knowledge or interpretation of data, and may consist of discrete forms of text, audio, image, or numeric data.

7. "Identify," "identification," or "identity" has the following meanings:

   a. When used in reference to a natural person it means to state the person's full name, title, current employer, if unknown, then the latest known employer, and job description (if applicable) and the person's residence address and business address, including telephone numbers, or, if present addresses are unknown, the last know residence of business address.

   b. When used in reference to a partnership it means to state the full partnership name, the name of the general partners and the address of its principal office;

c. When used in reference to a corporation it means to state its full name, its state of incorporation and the address of its principal office;

d. When used in reference to an unincorporated association or any other business entity, it means to state the full name of the entity and the address of its principal office;

e. When used in reference to a document it means to state the type of document (*e.g.*, letter, memorandum, email, telegram, tape recording, telex, chart, etc.) or some other means of identifying it, its author and originator, its day or dates, its present location or custodian, and a summary of its contents. If any such document is no longer in your possession or subject to your control, state what disposition was made of it; and

f. When used in reference to a tangible thing it means to state its name, location and a brief description of it.

8. "Person" means either an individual or entity. For entities, Person includes all individuals or entities that own or control the entity.

9. As used herein, "O&M" refers to landfill gas operations and maintenance services including monitoring, control and compliance at solid waste and landfill sites, and "Jet-Vac" refers to industrial and environmental cleaning services of pipelines, sewers, manholes, forcemains, tanks, ponds, and related infrastructure

10. **<u>Note Regarding Objections Based on Confidentiality</u>**: Be advised that the Court has a standing Confidentiality Protective Order that can be used to protect any purported objections to production of responsive documents based on confidentiality of the responsive documents. Documents should be produced subject to the terms of that Order and not withheld.

**INSTRUCTIONS**

Please produce the following documents by sending hard copies or a link to bryan.adams@vraptlaw.com or in another matter agreed upon by Bryan Adams.

To the extent any responsive Documents have been deleted or no longer exist, identify what the Documents were, where they were located, when they were deleted, and what efforts have been made to retrieve them.

**ITEMS FOR
PRODUCTION**

1. All Documents and Communications related to Outlaw's recruitment by, employment or other engagement with LFG including but not limited to application for employment,

resume, negotiations, offer letter, acceptance of employment, employment or other agreements, equity or ownership documents, contracts and/or Documents related to duties or start date.

**RESPONSE:**

2. To the extent not included in Request 1 above, a copy of Outlaw's personnel file.

**RESPONSE:**

3. All Communications, including but not limited to emails, including attachments, and text messages, or correspondence between LFG and Outlaw from July 1, 2024 to the present.

**RESPONSE:**

4. All Documents regarding Outlaw's separation from employment at Integrity.

**RESPONSE:**

5. All Documents showing all compensation, reimbursements, payments and other monies paid to or for the benefit of or on behalf of Outlaw.

**RESPONSE:**

6. All Documents relating to LFG's payment of Outlaw's legal fees, any indemnity agreement, or similar arrangements.

**RESPONSE:**

7. All Documents and Communications related to Outlaw's agreements with Integrity, including his 2020 Confidentiality and Noncompetition Agreement and the restrictive covenants contained in the Integrity 2024 Operating Agreement (hereinafter collectively "Noncompete Agreements"), and any employment policies and any documents related to these Integrity agreements and policies.

**RESPONSE:**

8. All Documents and Communications related to any phone, laptop, tablet, vehicle, or other equipment provided to Outlaw by LFG, or which Outlaw brought to LFG in connection with his job duties or which Outlaw provided to LFG for any reason, including specifically any external hard drives, thumb drives, USB drives or similar devices.

**RESPONSE:**

9. All documents LFG has obtained, accessed, used, downloaded or transferred relating to Integrity from any device in the custody, possession or control of Outlaw.

**RESPONSE:**

10. All Communications between LFG and Outlaw, including attachments if applicable, dated on or after July 1, 2024.

**RESPONSE:**

11. All text messages, instant messages, social media posts and messages, and other Communications, in any form, between LFG and Outlaw since July 1, 2024 relating to Outlaw's employment or prospective employment with LFG; Outlaw's job duties for LFG; the geographic areas in which he will be performing services for LFG; his job duties, position, or access to Integrity information; computer devices in his possession, custody or control; Integrity information in his possession, custody or control; communications from Integrity counsel regarding his Noncompete Agreements; or relating to Integrity in any manner.

**RESPONSE:**

12. All Documents evidencing, reflecting or relating to bids and proposals Integrity has submitted to any owner or operator of solid waste landfills for O & M services or utility operators for Jet-Vac services from July 1, 2024 to the present.

   **RESPONSE:**

13. All Documents evidencing bids submitted to any customer or prospective customer of Integrity between July 1, 2024 and the present.

   **RESPONSE:**

14. All Documents evidencing changes in pricing for O & M and Jet-Vac services provided by LFG to any customer or prospective customer of Integrity between July 1, 2024 and present.

   **RESPONSE:**

15. All Documents evidencing changes in pricing or products to any customer or prospective customer between July 1, 2024 and present.

   **RESPONSE:**

16. Names of all new customers to whom LFG has provided, or contracted with to provide, O & M or Jet-Vac services since October 1, 2024.

   **RESPONSE:**

17. All emails, text messages, instant messages, social media posts and messages, and other Communications, in any form, exchanged between LFG and Outlaw, or authored or received by LFG or Outlaw regarding Outlaw becoming employed by LFG, his job duties and geographic areas in which he will be performing services for LFG between October 1, 2024 and present.

   **RESPONSE:**

18. All emails, text messages, instant messages, social media posts and messages, and other communications, in any form, authored or received by LFG or Outlaw regarding information within Outlaw's possession, custody, or control relating to Integrity's business.

    **RESPONSE:**

19. All documents, in any form, provided to LFG by Outlaw regarding Integrity's business.

    **RESPONSE:**

20. All emails, text messages, instant messages, social media posts, and other communications, in any form, between LFG or Outlaw on the one hand, and any Integrity customer or prospective customer on the other, between July 1, 2024 and present.

    **RESPONSE:**

21. All calendars or other scheduling records reflecting any meetings (physical, virtual, or by phone) between July 1, 2024 and December 31, 2024.

    **RESPONSE:**

22. All calendars or other scheduling records reflecting any meetings (physical, virtual, or by phone) between LFG and Outlaw, on the one hand, and any customer or prospective customer identified by Outlaw as an Integrity customer on the other.

    **RESPONSE:**

23. All phone records of calls between LFG and Outlaw between July 1, 2024 and December 31, 2024, including any notes or other records memorializing the matters discussed, participants and dates of such discussions.

    **RESPONSE:**

24. All Documents reflecting Integrity's business, finances, customers, pricing, or contacts.

**RESPONSE:**