IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:25-cv-220

| | |
|---|---|
| INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC, and JJAM STAND, LLC | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| MATTHEW OUTLAW and LFG SERVICE PARTNERS, INC, | ) ) ) |
| Defendants. | ) ) ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LFG SERVICE PARTNERS, INC.

Plaintiffs INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC ("**Integrity**") and JJAM STAND, LLC ("**JJAM**"), pursuant to Rules 26, 33 and 34 of the Federal Rules of Procedure, hereby serve this First Set of Interrogatories and Requests for Production of Documents on Defendant LFG SERVICE PARTNERS, INC. ("**LFGSP**")(collectively "Defendants"), and allege as follows:

### PRELIMINARY INSTRUCTIONS AND DEFINITIONS

1.      In each of your answers to this discovery, you are required to set forth all of the information called for which is in your possession, custody or control, and all of the information which is available to you. You must set forth not only the information called for that is within your personal knowledge, but also all the information called for that is obtainable by you and information which is available to you, or possessed by anyone acting on your behalf.

Case 3:25-cv-00220-FDW-SCR     Document 29-2     Filed 07/22/26     Page 1 of 13

2.    As used herein the words "and" as well as "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of this discovery all information that might otherwise be construed to be outside the scope of this discovery. The word "any" includes the word "all" and the word "all" includes the word "any".

3.    As used herein the word "**Complaint**" shall refer to the Complaint which you have filed in this action against the Defendant.

4.    As used herein, the term "**Person**" means and refers to any natural person, trust, estate, corporation, limited liability company in any of its forms (l.l.c., p.l.l.c., l.l.p.), partnership, professional associations, joint venture, association, sole proprietorship, syndicate, firm, company or governmental entity; and the masculine gender includes the feminine and the neuter; and the singular includes the plural.

5.    Whenever you are asked to Identify a Person, you are required to state his, her or its full name, most current home and business address and home and business telephone number.

6.    "**Communication(s)**" means any transfer, exchange, or transmission of information, including but not limited to, verbal conversations, meetings, written documents, and all forms of electronic, voice, and digital messaging, regardless of the medium used.

7.    "**Document" or "Documents,**" shall mean any medium upon which information can be recorded or retrieved; and additionally shall be synonymous in meaning and equal scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure, and includes, without limitation, the originals and each and every non-identical duplicate/copy, regardless of origin and location, which shall constitute separate Documents, any book, pamphlet, periodical, letter, memorandum, invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, fax, telegram, cable, email, report, record, contract, agreement, study, handwritten

2

note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in Your possession, custody, or control, or which was, but is no longer, in Your possession, custody, or control. Additionally, any attachments, exhibits, appendices, schedules, and enclosures to Documents are considered part of the same Document. This definition further applies to documents regardless of whether designated "confidential", "privileged", or otherwise, as well as any other "Documents" within the meaning of Federal Rule of Civil Procedure 26, that are now or were formerly in your possession or custody or subject to your control.

8. **"Thing,"** shall mean and refer to any tangible object other than a document and includes objects of every kind and nature, including but not limited to prototypes, models, specimens, computer disks and tapes, videotapes, and audiotapes.

9. Whenever you are asked to identify or state the identity of a writing or document, you are required also to:

(a) Identify the type of document;

(b) State the date such document bears;

(c) If it bears no date, state the date it was prepared;

(d) Identify each and every person who prepared it;

(e) Identify each and every person who signed it;

(f) Identify each and every person whom it was addressed;

(g) Identify each and every person to whom it was distributed;

(h) State the number of its pages;

(i) State its subject matter or substance;

3

(j)     State the present, or if unknown, last known physical location of the original and copies of the document;

(k)     Identify the document's custodian or custodians;

(l)     State whether said document or writing was prepared in the ordinary course of business as a business record; and,

(m)     Any other such information as may enable the Defendant to identify said document in a Request for Production of Documents under the Federal Rules of Civil Procedure.

10.     Whenever you are asked by this discovery to describe all facts which tend to support, prove, or disprove your allegations, you are to include in such description and identify completely every act, omission, conduct, event, transaction, communication, agreement, meeting, occasion and information about which you have knowledge, information or belief, including not only information that would be admissible in trial of this action, but also information which is reasonably likely to lead to the discovery of admissible evidence even though you contend that the information itself would not be so admissible.

11.     Whenever these discovery requests seek information that Plaintiff claims to be privileged or protected by the Work Product Doctrine, Plaintiff shall state the basis for withholding the information and shall identify the information withheld.

12.     Concerning Documents withheld on a claim of privilege or the Work Product Doctrine, the request shall be deemed to call upon you to identify the document (giving its title, date, author(s), recipient(s) and a summary of its contents) and state the specific ground upon which you seek to rely in refusing to produce the document.

4

13. As used herein, "the Action" or "this matter" shall refer to the lawsuit pending in the United States District Court for the Western District of North Carolina encaptioned <u>Integrity Environmental Solutions, LLC and JJAM STAND, LLC v. Matthew Outlaw and LFG Service Partners, Inc.</u>, Civil Action No. 3:25-cv-220.

14. As used herein, "Outlaw" and "Defendant" shall refer to the Defendant Matthew Outlaw unless otherwise stated.

15. As used herein, "You," "Your" and "LFGSP" shall refer to LFG Service Partners, Inc., Biovac Industrial Services, and/or Monitoring, Control and Compliance (MCC), as applicable.

## <u>INTERROGATORIES</u>

1. Provide the names and addresses of all LFGSP employees who worked with Outlaw on client projects during Outlaw's employment with LFGSP.

ANSWER:


2. Identify all new clients for whom LFGSP performed services during Outlaw's employment with LFGSP.

ANSWER:


3. Identify all clients Outlaw introduced or referred to LFGSP prior to commencement of his employment with LFGSP.

ANSWER:

5

4.    Produce a list identifying each bid, proposal, or quote You submitted during the period September 1, 2024 through November 30, 2025 to any Plaintiff client or prospective client, identifying: (a) client name, (b) project name/identifier, (c) location, (d) bid submission date, (e) bid amount and any alternates, (f) whether Matt Outlaw worked on or had input into the bid, (g) whether You were awarded the project, (h) award date, and (i) contract value as awarded.

ANSWER:

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.    All proposals and invoices submitted by LFGSP to any client or prospective client from September 1, 2024 through December 31, 2025.

RESPONSE:

2.    For each bid, proposal or quote identified in Interrogatory No. 1 for which You were awarded the work, produce all Documents and Communications reflecting or relating to (a) the bid/proposal as submitted, (b) pricing worksheets and calculations, (c) internal approvals, (d) scope assumptions, (e) competitor information considered, (f) any "bid recap" or "lessons learned," and (g) award/notice of intent/contract documents.

RESPONSE:

3. For each bid, proposal or quote identified in Interrogatory No. 1 for which You were not awarded the work, produce all Documents and Communications reflecting or relating to (a) the bid/proposal as submitted, (b) pricing worksheets and calculations, (c) internal approvals, and (d) any communications with the client about reasons for non-award.

RESPONSE:

4. Produce all Documents and Communications reflecting or relating to any comparison of Your pricing, margins, or bid strategy against Plaintiff's pricing, margins, or bid strategy for any project during the period September 1, 2024 through November 30, 2025.

RESPONSE:

5. Produce all Documents and Communications reflecting or relating to any request by Matt Outlaw for pricing guidance, bid templates, client lists, contact lists, or project intelligence concerning Plaintiff or Plaintiff's clients, and any response to such request.

RESPONSE:

7

6. Produce all Documents and Communications reflecting or relating to Matt Outlaw's separation from employment, including exit interview materials, acknowledgements, certification of return of property/information, instructions to preserve information, and any collection of devices or accounts.

RESPONSE:

7. Produce all Documents and Communications reflecting or relating to any disciplinary action, performance issues, complaints, policy violations, or compliance concerns involving Matt Outlaw, including issues concerning confidentiality, data handling, or client communications.

RESPONSE:

8. Produce all Documents and Communications reflecting or relating to Your standard operating procedures, templates, tools, and systems used to prepare bids, proposals, or pricing during the period September 1, 2024 through November 30, 2025, including bid worksheets, estimating templates, CRM entries, and approval workflows.

RESPONSE:

9. Produce all Documents and Communications reflecting or relating to any change(s) in Your pricing strategy, discounting, markup, margin targets, or bid approach that occurred during the period September 1, 2024 through November 30, 2025 and that relate to competing with Plaintiff or pursuing Plaintiff's clients.

RESPONSE:


10. Produce all Documents and Communications reflecting or relating to Your communications with Matt Outlaw about any specific client or project that Plaintiff had bid, was bidding, or had performed work for, during the period September 1, 2024 through November 30, 2025.

RESPONSE:


11. Produce all Documents and Communications reflecting or relating to any compensation incentives, commissions, bonus plans, sales targets, or performance goals applicable to Matt Outlaw that are tied to wins, revenue, or specific client accounts, during the period September 1, 2024through November 30, 2025.

RESPONSE:


9

12.     Produce all Documents and Communications sufficient to show revenue and gross margin for each project You were awarded during the period September 1, 2024 through November 30, 2025 that involved a Plaintiff's client or prospective client, including job cost reports, project accounting summaries, and invoicing summaries.

RESPONSE:

13.     Produce all Documents and Communications reflecting or relating to any communications between You and Matt Outlaw after his termination that concern Plaintiff, Plaintiff's clients, bids, pricing, or this lawsuit.

RESPONSE:

14.     Produce all Documents and Communications reflecting or relating to any CRM records, opportunity records, pipeline reports, or account notes created or edited by Matt Outlaw during the period September 1, 2024 through November 30, 2025, to the extent they concern Plaintiff's clients or prospective clients or opportunities where Plaintiff was a competitor.

RESPONSE:

10

15.     Produce all Documents and Communications reflecting or relating to any bids or projects for Plaintiff's clients or prospective clients during the period September 1, 2024through November 30, 2025 where You had access to Plaintiff's prior bid amounts, bid scope, pricing breakdowns, or proposed staffing/equipment, including Documents showing the source of such information.

RESPONSE:

This the 18th day of March, 2026.

G. Bryan Adams, III
N.C. Bar No. 17307
VAN HOY, REUTLINGER, ADAMS, PIERCE & TISDALE, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 375-6022
Fax: (704) 375-6024
Email: bryan.adams@vraptlaw.com

**ATTORNEYS FOR PLAINTIFF INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC**

12

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that this FIRST SET OF WRITTEN DISCOVERY TO

LFGSP was served on the Defendants' counsel of record via email addressed as follows:

*Counsel for LFGSP:*

Eric Spengler
SPENGLER + AGANS PLLC
352 N. Caswell Rd.
Charlotte, NC 28204
Email: eric@s-a.law

Jim Drozdowski
Shawn McGraw
Kaufman, Drozdowski & Grendell, LLC
29525 Chagrin Boulevard
Pepper Pike, OH 44122
jimd@kdglegal.com
smcgraw@kdglegal.com

*Counsel for Outlaw:*

Liz Vennum
Hull & Chandler, P.A.
1009 East Boulevard
Charlotte, NC 28203
lvennum@lawyercarolina.com

This the 18th day of March, 2026.

G. Bryan Adams, III
N.C. Bar No. 17307
VAN HOY, REUTLINGER, ADAMS, PIERCE
& TISDALE, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
Telephone: 704-375-6022
Fax: 704-375-6024
Email: bryan.adams@vraptlaw.com

**ATTORNEYS FOR PLAINTIFF INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC**

13