# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Civil Action No. 3:25-cv-220

| | |
|---|---|
| INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC, AND JJAM STAND, LLC, <br><br> **Plaintiffs,** <br><br> vs. <br><br> MATTHEW OUTLAW and LFG SERVICE PARTNERS, INC., <br><br> **Defendants.** | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY FROM DEFENDANT LFG SERVICE PARTNERS, INC.

Plaintiffs Integrity Environmental Solutions, LLC and JJAM Stand, LLC submit this Memorandum of Law in support of their Motion to Compel LFG Service Partners, Inc. (:LFG") to produce complete responses to Requests for Production Nos. 1 through 7 and to award Plaintiffs their reasonable expenses under Rule 37.

## I. INTRODUCTION

This trade secrets and restrictive covenant case turns on documents in LFG's possession. Plaintiffs allege that former Director of Operations and Member, Defendant Matthew Outlaw ("Outlaw"), took Plaintiffs' confidential pricing, bid, client, and proposal information before joining LFG, and that LFG used that information to compete for Plaintiffs' clients. Plaintiffs served targeted discovery seeking LFG's bids, proposals, pricing materials, and communications with Outlaw for the relevant clients and projects. LFG has refused to produce complete responses

despite an Attorneys Eyes Only protective order and despite Plaintiffs' repeated efforts to narrow the search.

Despite a Court-entered protective order allowing highly sensitive documents to be produced on a Highly Confidential-Attorneys Eyes Only basis, LFG has refused to produce complete responses to Requests for Production 1 through 7. LFG's primary objection—that these requests constitute an overly broad fishing expedition—is meritless. Plaintiffs have made extraordinary good faith efforts to narrow the scope of their requests by providing LFG with highly confidential information about specific jobs, client names, dates, and project details.

Further, Outlaw's recent production included Outlaw-LFG communications that LFG had not produced, even though Plaintiffs' April 2025 subpoena and March 2026 discovery requests specifically sought those communications. That discrepancy demonstrates why an order compelling complete production is necessary.

Counsel conferred repeatedly, including at least six Microsoft Teams meetings between December 2025 and June 2026 and a final Local Rule 7.1 conference on July 21, 2026, but could not resolve the dispute.

## II. STATEMENT OF FACTS

### A. Background of the Case

Plaintiffs provide landfill-gas, solid-waste, and environmental operations, maintenance, monitoring, Jet-Vac, and engineering services. *See* First. Amd. Complaint (ECF No. 3)("Complaint"), ¶3. Their business depends on confidential customer lists, pricing, bid proposals, customer preferences, margins, and service methods. *Id.* at ¶¶13-19.

Outlaw worked for Plaintiffs from March 2012 until October 2024. *Id.* at ¶¶ 20, 24-36. By 2024, he was a Member with access to Plaintiffs' proposals, pricing, strategic plans, client

information, and financial data. *Id.* He also signed restrictive covenants prohibiting competition, solicitation, and use or disclosure of Plaintiffs' confidential information. *Id.*

**B.     Outlaw's Misappropriation of Plaintiff's Confidential Information and Employment with LFG**

On July 5, 2024, LFG Service Partners, Inc. was formed and became a direct competitor providing both O&M and Jet-Vac services. *Id.* at ¶50. Shortly thereafter, Outlaw began discussions with LFG about employment and provided LFG with copies of his restrictive covenant agreements. *Id.* at ¶¶53-55.

On October 3, 2024, Outlaw resigned and falsely stated that he would join a small "Mom and Pop" Jet-Vac company and would not compete. *Id.* at ¶57. Between October 15 and October 22, 2024, he accessed and downloaded numerous confidential files, including Plaintiffs' "2024 Proposals" folder, bid sheets, Major Client purchase orders, pricing information, and strategic planning documents. *Id.* at ¶¶67-70.

In late December 2024, Plaintiffs discovered Outlaw was employed as Vice President for LFG, performing the same Jet-Vac services based out of Tampa, Florida. *Id.* at ¶¶59-61 LFG hired Outlaw with full knowledge of his restrictive covenants. *Id.*

**C.     Plaintiffs' April 2025 Subpoena to LFG**

On April 30, 2025, Plaintiffs served a subpoena on LFG, seeking communications between Outlaw and LFG since July 1, 2024, and bids and proposals to landfill operators or customers of Plaintiffs during that same time period. *See* Pls. Motion to Compel, Exh. 1 (Subpoena).

LFG produced documents on August 5 and September 11, 2025 showing that Outlaw gave LFG a customer lead while still employed by Plaintiffs, provided cost information for specialized Integrity equipment, and received LFG's agreement to contribute to his legal fees if its hiring of him triggered legal repercussions. The production also showed that, on March 25, 2025, LFG and

Outlaw discussed work for an Integrity Major Client and using a former Integrity partner as LFG's proxy. *See* Pls. Reply Motion to Amend (ECF No. 12).

Based on LFG's subpoena production, Plaintiffs moved to add LFG as a party defendant, which the Court granted.

### D.      LFG's Inadequate Discovery Responses

On March 18, 2026, Plaintiffs served written discovery requests on LFG, including Requests for Production 1 through 7, seeking documents concerning bids, proposals, awards, and Outlaw's involvement in competitive opportunities. *See* Pls. Motion to Compel, Exh. 2 (discovery requests). LFG's April 24, 2026 responses contained blanket objections that the requests were "overly broad and not proportional to the needs of the case" and largely refused production.

Requests 1 through 7 seek LFG's proposals, invoices, bid materials, pricing worksheets, internal approvals, award and non-award communications, pricing or bid-strategy comparisons involving Plaintiffs, Outlaw's requests for pricing guidance or project intelligence, communications with Outlaw about Plaintiffs' clients or projects, and documents showing whether LFG had access to Plaintiffs' prior bid amounts, scopes, pricing breakdowns, staffing, or equipment information.

LFG's responses to Requests 1-3 state that responsive documents "related to American Landfill will be produced," but refuse production of any other documents. LFG's responses to Requests 4 – 7 state that "after a diligent search and good faith review," LFG is "not in possession of any responsive documents."

On May 3, 2026, Plaintiffs notified LFG that their discovery responses were deficient. *See* Pls. Mot. to Compel, ¶11.

4

### E.  Plaintiffs' Good Faith Efforts to Narrow Scope

Plaintiffs tried to reduce LFG's burden by providing specific search guidance: verbal identification of jobs, three updated 2023–2025 client lists with project sites and bid information, a spreadsheet listing the 1,372 files in the misappropriated 2024 Proposals folder, two redacted proposals for Pennsylvania and Delaware jobs, and ultimately the entire 2024 Proposals folder. *Id.* at ¶¶11-15, 17.

In every instance, LFG claimed that Plaintiffs' information was not sufficient to enable them to conduct their search. *Id.*; and ¶¶18, 20.

On June 30, 2026, Plaintiffs proposed a conditional exchange: Plaintiffs would provide (1) a link to the entire 2024 Proposals folder on an Attorneys Eyes Only basis, and (2) a list of a Major Client's sites bid by Plaintiffs, in exchange for LFG agreement to provide "full and complete responses" to Requests for Production 1-7. *Id.* at ¶19.

LFG rejected this proposal on July 8, 2026, characterizing Plaintiffs' efforts as "a fishing expedition in which Integrity seeks to peruse as many files of LFG as it possibly can." *Id.* at ¶20. LFG stated it "will finish its document production subject to our objections, but without the guidance we anticipated." *Id.*

On July 15, 2026, Plaintiffs served their responses to Outlaw's Second Set of Written Discovery on Outlaw's counsel and LFG counsel. Plaintiffs produced the entire contents of the 2024 Proposals folder on an Attorneys Eyes Only basis. *Id.* at ¶23.

On July 16, 2026, LFG made a supplemental production totaling only 434 pages. *Id.* at ¶24. Much of it consisted of redacted documents, policies, and template forms. Although the

production confirmed Outlaw's involvement in LFG bids to Plaintiffs' Major Clients, LFG redacted all crucial pricing information rather than producing it on an Attorneys Eyes Only basis.[1]

**F.      Evidence of Withheld Documents**

When Outlaw produced his own discovery responses in June 2026, those productions included communications between Outlaw and LFG that LFG had never produced to Plaintiffs. *Id.* at ¶16.  This is despite the fact that:

1.      Plaintiffs issued a subpoena to LFG in April 2025—before LFG became a party—specifically requesting communications between Outlaw and LFG;

2.      Plaintiffs' March 2026 discovery requests to LFG also requested communications between Outlaw and LFG; and

3.      LFG responded that after a "diligent search and good faith review," it had no responsive documents to multiple requests specifically seeking such communications.

The appearance of Outlaw-LFG communications in Outlaw's production that were never produced by LFG strongly suggests LFG is withholding responsive documents.

**III.      LEGAL STANDARD**

Rule 37 permits a motion to compel when a party fails to provide adequate discovery responses and requires a good-faith conference before court intervention. Fed. R. Civ. P. 37(a)(1). Rule 26(b)(1) permits discovery of nonprivileged matter relevant to any claim or defense and proportional to the needs of the case, including the parties' relative access to information and the importance of the discovery to resolving the issues.

---

[1] LFG has now agreed to produce unredacted versions on an AEO basis.

6

Rule 34 requires a responding party to state objections with specificity and to state whether responsive materials are being withheld on the basis of an objection. Fed. R. Civ. P. 34(b)(2)(B)-(C).

If a motion to compel is granted, Rule 37(a)(5)(A) requires the court to order the party whose conduct necessitated the motion to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the movant failed to confer in good faith, the opposing party's nondisclosure was substantially justified, or an award would be unjust.

## IV. ARGUMENT

### A. Plaintiffs Satisfied the Meet and Confer Requirement

Plaintiffs satisfied Rule 37(a)(1) and Local Rule 7.1. They participated in multiple conferences with LFG's counsel, including a final meet-and-confer on July 21, 2026, and attempted to resolve the dispute by providing search guidance and additional information. LFG nevertheless maintained its "fishing expedition" objection and refused complete production.

### B. The Requested Discovery Is Directly Relevant to Plaintiffs' Claims and Proportional to the Needs of This Case

#### 1. The Requested Documents Are Relevant to Whether Outlaw Misappropriated Trade Secrets and Whether LFG Used Them

Requests 1 through 7 target the central merits issue: whether Outlaw gave LFG Plaintiffs' confidential pricing, bid, client, and proposal information and whether LFG used it to compete for Plaintiffs' clients. LFG's bids, proposals, pricing worksheets, award documents, and communications with Outlaw are direct evidence of that issue. *See* Pls. Mot. to Compel, Exh. 1.

Forensic analysis showed that Outlaw accessed the 2024 Proposals folder containing 1,372 bid proposals and other sensitive competitive information. LFG's responsive documents will show whether LFG received or used that information in competing for Plaintiffs' clients.

Under Rule 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *Nallapaty v. Nallapati*, 597 F. Supp. 3d 842, 845-846 (E.D.N.C. Apr. 7, 2022). Relevance in this context is broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Id.* Rule 26(b)(1) lists the following factors to determine if a request is within the proper scope of discovery: The importance of the issues at stake in the action; the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Here, the requested documents are directly relevant to the key issues in this case, including damages. LFG's bids, proposals, pricing worksheets, and communications with Outlaw regarding Plaintiffs' clients are direct evidence of whether Outlaw's misappropriated information was used.

2.    <u>Plaintiffs Have No Alternative Source for This Critical Information</u>

The requested information is exclusively within LFG's possession. *See* Fed. R. Civ. P. 34(a)(1)(party must produce documents within its "possession, custody, or control."). Plaintiffs cannot obtain LFG's internal bids, pricing worksheets, award notices, or communications with Outlaw from any other source, and those materials are necessary to prove or disprove use of Plaintiffs' confidential information. *See, e.g., Schansman v. Sberbank of Russ. PJSC*, 781 F. Supp. 3d 184, 191 (S.D.N.Y. May 5, 2025)(declining to reconsider motion to compel granted in part because requested business records were within that party's exclusive control and the requesting party had no alternative source for obtaining them).

8

3. <u>The Importance of the Issues at Stake Weighs Heavily in Favor of Discovery</u>

The requested discovery is important because Plaintiffs' claims depend on proving use of confidential business information in a competitive bidding environment. The documents may either establish that LFG used Plaintiffs' information or show that it did not. Either way, they are central to resolving the merits.

4. <u>Plaintiffs Have Made Extraordinary Efforts to Narrow the Scope and Reduce Burden</u>

LFG's overbreadth objection cannot survive Plaintiffs' narrowing efforts. Plaintiffs identified clients, projects, dates, bid opportunities, and the contents of the 2024 Proposals folder, giving LFG a practical search guide for a defined 15-month period. LFG is also protected by the Attorneys Eyes Only designation for sensitive pricing or bid information.

**C.      LFG's Objections Lack Merit and Its Responses Are Evasive and Incomplete**

1. <u>LFG's "Fishing Expedition" Objection Is a Conclusory Label, Not a Substantive Defense</u>

LFG's "fishing expedition" label is not a substantive objection. Plaintiffs seek defined categories of documents tied to identified clients, projects, dates, bid opportunities, and communications with Outlaw. That is targeted discovery into the central issue in the case, not an open-ended search through LFG's files.

*Patrick v. PHH Mortg. Corp.*, 298 F.R.D. 333, 338-339 (N.D. W.Va. Jan. 27, 2014) is instructive on this point. In *Patrick*, the court overruled a defendant's objection that a discovery request was an impermissible fishing expedition. *Id.* The plaintiffs sought the production of their entire mortgage account file, which the defendant argued was not relevant. *Id.* In rejecting the "fishing expedition" characterization, the court emphasized that the plaintiffs were attempting to

discover additional facts about their well-pleaded breach of contract claim rather than trying to determine whether a breach of contract claim existed in the first place. *Id.*

Likewise, in the instant case, Plaintiffs are not trying to "fish" to see if they have a basis for new claims, but they are instead seeking the very documents that would show whether Outlaw transferred and used Plaintiffs' confidential information at LFG to submit quotes to Plaintiffs' clients. That is the core issue in this case.

### 2. LFG's "No Responsive Documents" Representations Are Contradicted by the Evidence

For Requests 4, 5, 6, and 7, LFG states that "after a diligent search and good faith review, it is not in possession of any responsive documents." These representations are contradicted by the evidence. When Outlaw produced his own discovery responses in June 2026, those productions included communications between Outlaw and LFG that LFG had never produced. This occurred despite the April 2025 subpoena to LFG specifically requesting Outlaw-LFG communications, Plaintiffs' March 2026 discovery requests to LFG specifically requesting Outlaw-LFG communications, and LFG's representation that it had no such documents after a "diligent search." The appearance of Outlaw-LFG communications in Outlaw's production that were absent from LFG's production directly contradicts LFG's claim of a "diligent search and good faith review." This pattern suggests LFG is either conducting an inadequate search or is intentionally withholding responsive documents.

Under Rule 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). LFG's responses fall into this category and warrant an order compelling complete production.

**D.** **The Court Should Award Plaintiffs Their Reasonable Expenses, Including Attorneys' Fees**

If the Court grants this motion to compel, Rule 37(a)(5)(A) requires the Court to "order the party or deponent whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court must award expenses unless: (a) The movant filed the motion before attempting in good faith to obtain disclosure without court action; (b) the opposing party's nondisclosure was substantially justified; or (c) an award would be unjust. *Id.*

None of these exceptions applies here. First, Plaintiffs engaged in extensive good faith efforts to resolve this dispute before filing this motion, including multiple meet and confer conferences and offers to provide additional information to narrow the scope. Second, LFG's nondisclosure is not substantially justified given the direct relevance of the requested documents, Plaintiffs' extensive efforts to narrow scope, and LFG's apparent withholding of documents (as evidenced by Outlaw-LFG communications appearing in Outlaw's production but not LFG's). Third, an award would not be unjust; LFG's refusal to produce relevant, non-privileged documents has forced Plaintiffs to incur the time and expense of bringing this motion. Accordingly, Plaintiffs respectfully request an award of reasonable expenses, including attorneys' fees, incurred in preparing and filing this motion.

**E.** **CONCLUSION**

For the reasons set forth herein, Plaintiffs request that the Court grant their motion to compel.

This the 22nd day of July, 2026.

> *s/G. Bryan Adams, III*
> G. Bryan Adams, III (NC Bar No. 17307)
> VAN HOY, REUTLINGER, ADAMS,
> PIERCE & TISDALE, PLLC
> 737 East Boulevard
> Charlotte, NC  28203
> Telephone:  704-375-6022
> Fax:  704-375-6024
> Email:  bryan.adams@vraptlaw.com
>
> **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Plaintiffs, pursuant to Federal Rule 37(a)(2) and Local Rule 7.1, hereby certify that prior to their filing of this Motion to Compel Discovery, counsel for Plaintiffs communicated with counsel for LFG Service Partners, Inc. on multiple occasions via Microsoft Teams meetings and email, and most recently by conducting a meet and confer discussion pursuant to Local Rule 7.1 on Tuesday, July 21, 2026 at 4:30 p.m., in a good faith effort to resolve this discovery dispute without resorting to court action. Those efforts, however, were unsuccessful as explained in the pleadings filed herewith.

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMIT

Plaintiffs hereby certify that this Memorandum is less than the 2,750 word limit as confirmed by the word count function on the undersigned's word processing program.

This the 22nd day of July, 2026.

*s/G. Bryan Adams, III*
G. Bryan Adams, III (NC Bar No. 17307)
VAN HOY, REUTLINGER, ADAMS,
PIERCE & TISDALE, PLLC
737 East Boulevard
Charlotte, NC 28203
Telephone: 704-375-6022
Fax: 704-375-6024
Email: bryan.adams@vraptlaw.com

**ATTORNEYS FOR PLAINTIFFS**

13

## <u>ARTIFICIAL INTELLIGENCE CERTIFICATION</u>

Pursuant to this Court's June 18, 2024 Order, the undersigned certifies no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources. The undersigned further certifies every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction.

This the 22nd day of July, 2026.

*s/ G. Bryan Adams, III*
G. Bryan Adams, III (N.C. Bar No. 17307)
VAN HOY, REUTLINGER, ADAMS, PIERCE
& TISDALE, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
Telephone:  704-375-6022
Fax:  704-375-6024
Email:  bryan.adams@vraptlaw.com

**ATTORNEYS FOR PLAINTIFFS**

14

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that this MOTION TO COMPEL DISCOVERY AND

REQUEST FOR INFORMAL CONFERENCE was served on the Defendants' counsel of record

through the Court's ECF electronic filing system addressed as follows:

Liz Vennum
Hull & Chandler, P.A.
1009 East Boulevard
Charlotte, NC 28203
lvennum@lawyercarolina.com

Eric Spengler
Spengler & Agans, PLLC
352 N. Caswell Road
Charlotte, NC  28204
eric@s-a.law

Jim Drozdowski
Shawn McGraw
Kaufman, Drozdowski & Grendell, LLC
29525 Chagrin Boulevard
Pepper Pike, OH  44122
jimd@kdglegal.com
smcgraw@kdglegal.com

This the 22nd day of July, 2026.

*s/ G. Bryan Adams, III*
G. Bryan Adams, III
N.C. Bar No. 17307
VAN HOY, REUTLINGER, ADAMS, PIERCE
& TISDALE, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
Telephone:  704-375-6022
Fax:  704-375-6024
Email:  bryan.adams@vraptlaw.com
**ATTORNEYS FOR PLAINTIFFS**