IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:25-cv-220

| | |
|---|---|
| INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC, and JJAM STAND, LLC | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MATTHEW OUTLAW and LFG SERVICE PARTNERS, INC., | ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFFS' CONSENT MOTION TO SEAL**

Plaintiffs INTEGRITY ENVIRONMENTAL SOLUTIONS, LLC and JJAM STAND, LLC, pursuant to Local Rule 6.1, and with the consent of Defendants, respectfully request an order allowing them to file under seal Exhibits 3 through 11 of the Plaintiffs' Motion to Compel Discovery and Request for Informal Conference filed contemporaneously herewith. To avoid confusion in numbering, those Exhibits are attached hereto as **Exhibits 3 through 11**. In support of this motion, Plaintiffs show unto the Court the following:

1. As recited with more particularity in the Plaintiffs' Motion to Compel, from December 2025 through July 15, 2026, the Plaintiffs have provided Defendant LFG Service Partners, Inc. ("LFG") with multiple documents to help facilitate and expedite their search for documents responsive to Plaintiffs' Requests for Production of Documents, and in particular, bids and proposals submitted by LFG to customers during Defendant Matthew Outlaw's ("Outlaw") employment with LFG.

2. The documents Plaintiffs provided to LFG consist of three (3) updated versions of a "2023 to 2025 Clients" list containing the names of Plaintiffs' customers, jobsites, whether Plaintiffs bid for the work and were awarded the work and the type of work that was being bid for (Exhs. 4-6); a spreadsheet containing the names of every file in the "2024 Proposals" folder that Outlaw accessed and misappropriated on the eve of his departure from Plaintiffs (Exh. 8), and two specific proposals Plaintiffs sent to clients for prospective work (Exhs. 9-10). Plaintiffs designated all of these documents Confidential under the protective order in this case.

3. Plaintiffs' foregoing documents contain confidential information which Plaintiffs do not release or disclose publicly and doing so could significantly damage Plaintiff's business.

4. In addition to Plaintiffs' documents referenced, Plaintiffs have also attached to their Motion to Compel LFG's discovery responses which contain confidential customer information (Exh.3), a September 2024 email exchange between LFG Chief Executive Officer James Baird and Outlaw which Outlaw produced and which LFG designated as Confidential (Exh. 7), and a January 29, 2029 quote Outlaw submitted on behalf of LFG to one of Plaintiffs' Major Clients.

5. As each of these documents was designated Confidential, Plaintiffs' counsel did not believe it could immediately proceed with publicly filing those documents with its Motion to Compel.

6. Defendants do not consent to the public filing of Exhibits 3, 7 and 11, but they consent to the filing of these documents, as well as Exhibits 4-6, and 8-10 under seal.

7. Accordingly Plaintiffs are filing this Motion to Seal to ensure Plaintiffs can use them in support of their Motion to Compel, while preserving their confidentiality as long as

2

the Court deems necessary. In conjunction with the filing of their Motion to Compel, Plaintiffs have not filed any version of Exhibits 3 through 11 but have instead simply filed a "placeholder" representing those documents being filed under seal.

8.      In accordance with Local Rule 6.1(d), along with this motion, Plaintiffs are filing provisionally under seal as **Exhibits 3 through 11** the above-referenced documents for review by this Court.

9.      A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule ("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1     SEALED FILINGS AND PUBLIC ACCESS.**

**(a)     *Scope of Rule*.** To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision-making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

**(b)     *Filing under Seal*.** No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)     *Motion to Seal or Otherwise Restrict Public Access*.** A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

    **(1)     A** non-confidential description of the material sought to be sealed;
    **(2)     A** statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
    **(3)     Unless** permanent sealing is sought, a statement indicating how long the party seeks to

3

have the material maintained under seal and how the matter is to be handled upon unsealing; and

**(4)** Supporting statutes, case law, or other authority.

LCvR 6.1.

10. For the reasons set forth above, Plaintiffs believe that they have in good faith complied with the requirements of LCvR 6.1.

11. Plaintiffs do not seek permanent sealing of Exhibits 3 through 11, but only for such a period of time that enables the Court to review the same in considering the Plaintiffs' Motion to Compel.

12. Plaintiffs consulted with the Defendants' counsel regarding their respective positions on this motion to seal and Defendants consent to the same.

WHEREFORE, Plaintiffs respectfully move the Court to allow them to file the attached Exhibits 3 through 11 of their Motion to Compel Discovery under seal during the Court's review of the Plaintiffs' Motion to Compel.

This the 22nd day of July, 2026.

*/s/ G. Bryan Adams III*
G. Bryan Adams, III
N.C. Bar No. 17307
VAN HOY, REUTLINGER, ADAMS, PIERCE & TISDALE, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 375-6022
Fax: (704) 375-6024
Email: bryan.adams@vraptlaw.com

**ATTORNEYS FOR PLAINTIFFS**

4

## <u>ARTIFICIAL INTELLIGENCE CERTIFICATION</u>

Pursuant to this Court's June 18, 2024 Order, the undersigned certifies no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources. The undersigned further certifies every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction.

This the 22nd day of July, 2026.

*s/ G. Bryan Adams, III*
G. Bryan Adams, III (N.C. Bar No. 17307)
VAN HOY, REUTLINGER, ADAMS, PIERCE
& TISDALE, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
Telephone: 704-375-6022
Fax: 704-375-6024
Email: bryan.adams@vraptlaw.com

**ATTORNEYS FOR PLAINTIFFS**

5

# <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that this CONSENT MOTION TO SEAL was served on the Defendant's counsel of record through the Court's ECF electronic filing system addressed as follows:

> Liz Vennum
> Hull & Chandler, P.A.
> 1009 East Boulevard
> Charlotte, NC 28203
> lvennum@lawyercarolina.com
>
> Eric Spengler
> Spengler & Agans, PLLC
> 352 N. Caswell Road
> Charlotte, NC  28204
> eric@s-a.law
>
> Jim Drozdowski
> Shawn McGraw
> Kaufman, Drozdowski & Grendell, LLC
> 29525 Chagrin Boulevard
> Pepper Pike, OH  44122
> jimd@kdglegal.com
> smcgraw@kdglegal.com

This the 22nd day of July, 2026.

> *s/ G. Bryan Adams, III*
> G. Bryan Adams, III (N.C. Bar No. 17307)
> VAN HOY, REUTLINGER, ADAMS, PIERCE
> & TISDALE, PLLC
> 737 East Boulevard
> Charlotte, North Carolina 28203
> Telephone:  704-375-6022
> Fax:  704-375-6024
> Email:  bryan.adams@vraptlaw.com
>
> **ATTORNEYS FOR PLAINTIFFS**

6